UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

– – – – – – – – – – – – – – – – – – – – – – – – – – X

| | | |
|---|---|---|
| MUNIRAH EL BOMANI, | : | Case No. |
| Plaintiff(s), | : | |
| v. | : | **COMPLAINT** |
| | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF NEWARK, CITY OF NEWARK | : | |
| MUNICIPAL COUNCIL, FORMER CITY OF | | |
| NEWARK MUNICIPAL COUNCIL | : | |
| PRESIDENT LAMONICA MCIVER, CITY OF | : | |
| NEWARK MUNICIPAL COUNCIL | : | |
| PRESIDENT C. LAWRENCE CRUMP, | : | |
| | : | |
| Defendant(s). | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – – X

Munirah El Bomani ("Plaintiff"), by her attorneys, Anderson Law, brings this First Amendment action against Defendants City of Newark, City of Newark Municipal Council, Former City of Newark Municipal Council President Lamonica McIver and City of Newark Municipal Council President C. Lawrence Crump (collectively "Defendants") and alleges as on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is a First Amendment Free Speech claim brought under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6–2 against the City of Newark, City of Newark Municipal Council, Former City of Newark Municipal Council President Lamonica McIver and City of Newark Municipal Council President C. Lawrence Crump for the violations of Plaintiff's First Amendment Right to Free Speech.

2.      Plaintiff seeks compensatory damages; punitive damages; declaratory judgement finding that Rule XVIII and XIX are unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c); declaratory judgement that the curtailing of Plaintiff's speech and subsequent removal was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c); declaratory judgement that the application of Rule XVIII and XIX to Plaintiff was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c); permanent injunctive relief enjoining the Defendants from placing unbridled discretion in the presiding officer to restrain speech based upon its overbroad, vague, viewpoint and content-based rules; an award of reasonable attorney's fees pursuant to 42 U.S.C. §1983; a permanent injunction to cease Defendant's illegal conduct; litigation costs and expenses; and such other relief that the court deems just and proper.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. § 1983 and U.S. Const. amend. I.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants reside or are domiciled in this district and all defendants reside or are domiciled in New Jersey.

## PARTIES

5.      Plaintiff Munirah El Bomani is an individual who resides in the City of Newark, New Jersey. Plaintiff is a citizen of New Jersey.

6.      Upon information and belief, defendant the City of Newark ("City of Newark") is a municipal corporation that is incorporated in New Jersey under the authority of the Legislative enactment of the State of New Jersey and has its principal place of business in 920 Broad St,

Newark, NJ 07102. Upon information and belief, the City of Newark is organized under the mayor-council form of the Faulkner Act (N.J.S.A. 40:69A-a. et seq.) as of July 1, 1954.

7.      Upon information and belief, defendant City of Newark Municipal Council ("Municipal Council") is the Municipal Council for the City of Newark, which is incorporated in New Jersey and has its principal place of business in 920 Broad St, Newark, NJ 07102. Upon information and belief Municipal Council serves as the council branch of municipal government under the mayor-council form of the Faulkner Act (N.J.S.A. 40:69A-a. et seq.). Upon information and belief Municipal Council is a policymaker with authority over City of Newark Municipal Council proceedings.

8.      Upon information and belief, defendant City of Newark Municipal Council President Lamonica McIver ("Council President McIver") was the Municipal Council President for City of Newark Municipal Council and was a policymaker with final authority over decisions at City of Newark Municipal Council proceedings.

9.      Upon information and belief, defendant City of Newark Municipal Council President Lawrence C. Crump ("Council President Crump") is the Municipal Council President for City of Newark Municipal Council and is a policymaker with final authority over decisions at City of Newark Municipal Council proceedings.

## FACTS

10.     On February 7, 2024, Plaintiff attended and spoke at the City of Newark Municipal Council meeting, which was a public meeting. A link to a video of the meeting which, upon information and belief, was uploaded by City of Newark as part of the public record can be found on YouTube: https://www.youtube.com/watch?v=NwBFL1PXL_g&t=3911s

11.     The public meeting has an open floor for citizens to speak.

12.     The President, in her official capacity, presided over the public comment period of the City Hall meeting, also referred to as the "hearing of citizens".

13.     During the "hearing of citizens" portion of the meeting, Ms. El Bomani criticized Business Administrator Eric Pennington ("Pennington") concerning alleged corruption.

14.     Ms. El Bomani spoke for five minutes and concluded when the President noted Ms. El Bomani's time had expired.

15.     Several more speakers proceeded during the "hearing of citizens."

16.     After concluding the "hearing of citizens", the President asked that the public did not speak while the council members and administrator were responding.

17.     No further instructions were provided.

18.     The President then opened the floor for the counsel and administration to speak.

19.     No member of the legislature addressed the chamber.

20.     Pennington thereafter addressed the chamber on behalf of the administration.

21.     Pennington proceeded to address Ms. El Bomani's corruption allegations and attempted to discredit Plaintiff in a hostile manner.

22.     Pennington, after approximately a minute of addressing the corruption allegations made by Ms. El Bomani, addressed Ms. El Bomani directly stating, "you can stand over there in the corner and shout from the hilltops."

23.     Pennington turned directly to Ms. El Bomani rather than facing the city council when he made the comment.

24.     In response to Pennington's direct attack on Plaintiff, Plaintiff responded.

25.     Ms. El Bomani's response was not loud enough to be sufficiently audible on the Youtube video.

26.    Within seconds of Ms. El Bomani's response, the President stated "Excuse me, excuse me, Ms. Bomani umm madam clerk please note that Ms. Bomani's disruption as well as we are going to place a ban for the disruption. . . Police can we get some assistance. . . I asked for folks not to respond back when folks are supposed to respond. Ms. Bomani please depart from the chambers. Ms. Bomani please depart from the chambers."

27.    Plaintiff was thereafter removed from the City Council meeting by the Newark Police.[1]

28.    No warning was provided to Ms. El Bomani before being removed from the chambers.

29.    At no point did Plaintiff engage in disorderly conduct.

30.    On or about February 16, 2024, Plaintiff received an email informing her that she would be excluded from Newark City Hall and from public speaking at the February 21, 2024, and February 27, 2024 meetings because of her alleged disorderly conduct.

31.    Specifically, the letter states that "During the Regular Meeting, you continued to call out from the audience after repeated warnings, from Council President McIver, during the time that Business Administrator Pennington had the floor."

32.    The letter cites to "the Municipal Council rules, specifically RULE XIX: DECORUM, SECTION B":

---

[1] This was not the first time Ms. Bomani has been removed from a Newark City Council Meeting. In 2019 Ms. Bomani was removed for referring to police officers as "dogs" and another attendee was removed for asking Council President Crump to recuse himself on a vote because his child worked for the department impacted by the proposed resolution. These removal spurred the ACLU to write a letter to the Newark City Council informing them that they were violating attendees first amendment rights by removing participants for viewpoint or content-based restrictions on their speech. An article detailing these incidents, as well as the ACLU of New Jersey's warning letter,` can be found here: https://www.tapinto.net/towns/newark/sections/government/articles/aclu-tells-newark-council-president-to-stop-restricting-residents-speech

> No person shall by noisy or disorderly conduct disturb or interfere with the quiet good order of a meeting of the Municipal Council. Any person who has been declared out of order by the Presiding Officer and has been asked to cease speaking and to sit down, shall comply immediately or he/ she shall forthwith be removed from the meeting, unless permission to continue or again address the Municipal Council is granted by the majority vote of the Municipal Council.

33.     Upon information and belief, the "Municipal Council rules" are not available for the public to review or do not exist in any publicly available forum.[2]

34.     On or about September 27, 2024, Plaintiff attended and spoke at the Newark City Council meeting, which was a public meeting.

35.     On or about September 27, 2024, during the "hearing of the citizens" portion of the meeting, Plaintiff spoke and expressed her distaste with the lack of transparency as it related to the budget and how it was being spent. This was a common sentiment amongst community members who also spoke during this meeting.

36.     Following the public comment period, one of the city council members proceeded to comment on the wording used by community members, completely ignoring the actual content of the concerns brought to light during the "hearing of the citizens." This immediately caused an outrage by community members.

37.     On or about September 27, 2024, Ms. Jackson, a resident of Newark and attendee of the meeting, was improperly removed from the meeting under Defendant Crump's claim that Ms. Jackson was causing a disruption. Plaintiff attempted to protest this violation of Ms. Jackson's

---

[2] City of Newark policies, and ordinances are generally available at: https://ecode360.com/37745521#37745521. Upon information and belief, Rule XVIII, RULE XIX and the Municipal Council Rules appear nowhere on this platform. When this office contacted the City of Newark City Clerk's office and Council President Crump's office to request copies of the Municipal Council Rules, both offices refused to provide them or identify where they could be found in an act of incredible bureaucratic opacity and disregard for public accountability.

rights, to which Defendant Crump, stated: "Ms. Bomani! Ms. Bomani! Ms. Bomani! Remove Ms. Bomani from the chambers right now. Ms. Bomani…needs to be removed from the chambers right now."

38.     On or about September 27, 2024, Plaintiff was subsequently removed from the City Council meeting by Newark Police under threat of police violence.

39.     On or about September 27, 2024, Plaintiff received a letter informing her that she would be excluded from Newark City Hall and from public speaking at the October 2, 2024 meeting. A true and accurate copy of the letter is attached as **Exhibit B**.

40.     From April 18, 2022, through September 27, 2024, Plaintiff spoke to seven (7) other community members who have received similar letters regarding exclusion from Newark City Hall and from public speaking at meetings. The future bans contained in the letters are as follows: one (1) meeting, two (2) meetings, six (6) months, one (1) year, and indefinitely pending an investigation.

41.     Additionally, on or about April 22, 2025 Plaintiff spoke with an individual named Sheila Montague who had recently received a letter informing her that she had been banned from attending subsequent Municipal hall meetings for a period of forty-five (45) days for violating "Rule XVIII: Manner of Addressing the Council." The April 22, 2025 letter is annexed hereto as **Exhibit A.**

42.     According to this letter, Rule XVIII reads as follows:

"A speaker must at all times conduct himself in a manner which avoids disorderly conduct or behavior, not make comments that are excessively loud, disruptive, obscene or otherwise in violation of applicable law, or make statements at Council Members or City Officials that are defamatory or malicious.."[3]

---

[3] As set forth in Footnote 1, the City of Newark and its officials have prevented this office from reviewing the rules to determine their precise text to date.

## AND AS FOR A FIRST CAUSE OF ACTION

(Violation of First Amendment Rights – Facial– 42 U.S.C. § 1983)

43.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

44.    A statute, regulation, or policy is unconstitutionally vague on its face when the language of the item does not outline the prohibited conduct with sufficient certainty.

45.    Additionally, a public forum is classified as a public area that is open to general debate and assembly, either by specific government designation or by a matter of tradition.

46.    Speech in a public forum can be limited only narrowly.

47.    The Municipal Council Meeting is classified as a public forum within which Plaintiff's speech can only be narrowly limited.

48.    Any restrictions as to the time, place, and manner of speech in a public forum must (1) be unrelated to content; (2) be narrowly tailored to serve a significant government interest; and (3) allow alternative ways of communicating the same information.

49.    Upon information and belief, Rule XVIII of the City of Newark Administrative Code reads as follows:

> Questions for which a speaker is seeking answers, must be provided in writing by the speaker to the City Clerk or his designee and he shall prepare a written response to the question and submit it to the requestor within ten (10) business days…A speaker must at all times conduct himself in a manner which avoids disorderly conduct or behavior, not make comments that are excessively loud, disruptive, obscene or otherwise in violation of applicable law, or make statements at Council Members or City Officials that are defamatory or malicious...

50.    Upon information and belief, Rule XIX of the City of Newark Administrative Code, entitled "Decorum" states:

> No person shall by noisy or disorderly conduct disturb or interfere with the quiet good order of a meeting of the Municipal Council. Any person who has been

declared out of order by the Presiding Officer and has been asked to cease speaking and to sit down, shall comply immediately or he/ she shall forthwith be removed from the meeting, unless permission to continue or again address the Municipal Council is granted by the majority vote of the Municipal Council.

51.    Rule's XVIII and XIX of the City of Newark Administrative code are formal regulations or policy statements by City of Newark.

52.    Rule XVIII requires a speaker to submit any questions to which they seek answers to in writing.

53.    Rule XVIII prohibits "malicious", "defamatory", "obscene", "excessively loud", or "disruptive" statements and comments.

54.    Rule XVIII prohibits speakers from engaging in "noisy or disorderly conduct."

55.    Rule XVIII fails to define or otherwise describe what kind of remarks may be "malicious", "defamatory", "obscene", "excessively loud", or "disruptive" statements and comments.

56.    Rule XIX fails to define or otherwise describe the specific conduct that may be deemed "noisy" or "disorderly conduct."

57.    Rules XVIII is unconstitutional on its face as the prohibition of "malicious", "defamatory", "obscene", "excessively loud", or "disruptive" remarks constitutes viewpoint-based discrimination which prohibits speech because it opposes, or offends, the Board or members of the public.

58.    Rule XVIII is unconstitutional on its face as the prohibition on "malicious", "defamatory", "obscene", "excessively loud", or "disruptive" is content based, is not narrowly tailored to serve a significant government interest and does not allow alternative ways of communicating the same information.

59.     Rule XVIII seeks to regulate features of pure political speech and expression, such as Plaintiff's, solely for its viewpoint or content.

60.     Because Rule XVIII precludes "malicious", "defamatory", "obscene", "excessively loud", or "disruptive" conduct and seeks to prohibit speech only when it opposes or offends the Board or members of the public it is facially unconstitutional.

61.     Rule XVIII vests unbridled discretion in the Municipal Council and it's President to define and apply these vague terms.

62.     Rule XVIII imposes an overbroad restriction on the right to free expression.

63.     Rule XVIII imposes content-based restrictions on speech that are not the least restrictive means of achieving a compelling government interest.

64.     Because Rules XVIII and Rule XIX are not narrowly tailored to serve a significant government interest and do not allow alternative ways of communicating the same information, they are facially unconstitutional.

65.     Because Rules XVIII and Rule XIX imposes content-based restrictions on speech that are not the least restrictive means of achieving a compelling government interest they are facially unconstitutional.

66.     Rule XIX is unconstitutionally vague because it fails to provide City Council meeting attendees with adequate warning and/or notice as to what conduct would cause them to be removed from the meeting.

67.     Rule XIX provides for no adjudication process for improper removals

68.     Because Rule Rules XIX fails to outline the exact conduct that would be prohibited and result in removal for a Municipal Council meeting, nor a procedure to adjudicate such conduct, the rule is unconstitutionally vague.

## **AND AS FOR A SECOND CAUSE OF ACTION**

(Violation of First Amendment Rights – As Applied – 42 U.S.C. § 1983)

69.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

70.     A public forum is classified as a public area that is open to general debate and assembly, either by specific government designation or by a matter of tradition.

71.     Speech in a public forum can be limited only narrowly.

72.     The Municipal Council meeting is classified as a public forum within which Plaintiff's speech can only be narrowly limited.

73.     Any restrictions as to the time, place, and manner of speech in a public forum must (1) be unrelated to content; (2) be narrowly tailored to serve a significant government interest; and (3) allow alternative ways of communicating the same information.

74.     Plaintiff's pure political speech was restricted as a direct result of the content of her speech.

75.     Defendants were acting under color of state law at all times during the events describe in the Complaint.

76.     Rule XIX of the City of Newark Administrative code is a formal regulation or policy statement that was then acted upon by employees with final policymaking authority and there was a failure to adequately train or supervise employees that resulted from deliberate indifference to the injuries that may be caused.

77.     The cutting short of Plaintiff's time to speak, forced removal by armed police officers and subsequent ban from attending the remainder of the hearing were a direct result of Plaintiff's attempt to advocate for herself and raise issues regarding the proposed ordinance

including conflicts of interest on the Council, conflicts of interest on behalf of Pennington, corruption and other criticisms or concerns regarding the City of Newark.

78.    Plaintiff was not asked to submit to proper order nor was the procedure for removal under Rule XIX followed.

79.    The members of Municipal Council in attendance did not speak up to defend Plaintiff's free speech rights or prevent her removal because they disagreed with Plaintiff's point of view.

80.    Public forums are intended to foster general assembly and debate where community members can exercise their free speech.

81.    It is not within the governmental interest to prohibit an individual from advocating for themselves, nor is it within the governmental interest to ban individuals from the ability to engage in public forums as a result of their advocacy.

82.    The removal of Plaintiff did not serve any legitimate government interest, did not follow the procedure as set forth in Rule XIX and was a malicious act meant to punish Plaintiff for engaging in protected speech and to chill future speech.

83.    Plaintiff was not removed as a result of any disorderly conduct under NJSA 2C:33-8, which states: "a person commits disorderly persons offense if, with purpose to prevent or disrupt a lawful meeting, procession or gathering, he does an act tending to obstruct or interfere with it physically."

84.    Plaintiff did not have the intention to prevent or disrupt the meeting, nor did she act to obstruct or interfere with the meeting physically.

85.    Defendants did not allow Plaintiff alternative ways to communicate or receive the same information.

86.    The Municipal Council President, acting as final policy maker, failed to treat similarly situated individuals the same based on their differences in viewpoint and the content of their speech.

87.    By stopping Plaintiff's speech and removing Plaintiff from the February 7, 2024, meeting, Defendants actively and intentionally sought to disallow and discourage Plaintiff from being able to communicate information regarding conflicts of interest, impropriety, corruption, abuse of power, and so on as they related to the ordinance being read.

88.    Defendant's removal of Plaintiff's and prevention of Plaintiff speaking during the ordinance-specific and subsequent open hearing portion of the February 7, 2024, meetings due to her viewpoint of her speech and content of her speech was a clear and blatant violation of the First Amendment as applied.

## AND AS FOR A THIRD CAUSE OF ACTION

(Violation of Article 1, Paragraph 6 of the New Jersey Constitution)

89.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

90.    Article 1, paragraph 6 of the New Jersey Constitution states that "[e]very person may freely speak, write, and publish his sentiments on all subjects, […]. No law shall be passed to restrain or abridge the liberty of speech or of the press."

91.    Rule XIX places restraints on an individual's liberty to speak freely because of its unconstitutionally vague construction and restrictions on viewpoint and content-based speech which fails to further any legitimate government interest.

92.    Under Rule XIX, the Presiding Officer is given the ability to declare someone's conduct as out of order and remove them from the City Hall meeting under threat of physical police

violence, without outlining the specific conduct that would warrant such removal. As a result, the Presiding Officer is given unfettered discretion to determine what they personally feel to be conduct warranting removal.

93.　　There is no mechanism in place or outlined within Rule XIX that ensures that the Presiding Officer is removing an individual for constitutionally sound reasons and not because of the content or viewpoint of their speech.

94.　　Plaintiff's pure political speech was terminated, and she was removed from the Council meeting as a result of the viewpoint and content of her speech.

95.　　The Council President, acting as final policy maker, failed to treat similarly situated individuals the same based on their differences in viewpoint and the content of their speech.

96.　　Plaintiff was removed under the physical threat of police violence.

97.　　Plaintiff was not disorderly within the meaning of NJSA 2C:33-8 nor did she intend to disturb or interfere with the quiet and good order of the Municipal Council Meeting. Plaintiff merely intended to exercise her right to speak freely as granted by Article 1, paragraph 7 of the New Jersey Constitution which was restrained and abridged as a result of Rule XIX and the actions and inactions of Defendants.

## AND AS FOR A FOURTH CAUSE OF ACTION
### (Fourteenth Amendment Violation – 42 U.S.C. §1983)

98.　　Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

99.　　When determining whether due process standards have been met, a three-factor balancing test must be examined. The three factors are as follows: (1) the private interest that will

be affected by the official action, (2) the risk of an erroneous deprivation of interests through the procedures that were used, and (3) the Government's interest.

100.    The Municipal Council President unilaterally decided to remove Plaintiff from the February 7, 2024, meeting. Plaintiff was not afforded the opportunity to respond, change her conduct or plead her case. Plaintiff suffered and continues to suffer deprivation of her due process rights.

101.    Plaintiff was removed under the physical threat of police violence for acts of pure political speech in a public forum.

102.    The President and those similarly situated are given blanket authority to remove members of the public without any accountability.

103.    Plaintiff suffered as a result and others will continue to suffer should nothing be changed.

104.    It is within the Defendants' interest to remedy the wrongs done to Plaintiff.

105.    The removal of Plaintiff from Municipal Council meetings signals to other community members that should they speak out and advocate for themselves and the community, they will suffer due process deprivations.

106.    This would run completely contrary to the purpose of such meetings.

107.    At all times, Defendants were acting under color of law which deprived plaintiff of a right protected by the US Constitution and federal law.

108.    The Municipal Council President, acting as final policy maker, failed to treat similarly situated individuals the same based on their differences in viewpoint and the content of their speech.

109.    For the reasons listed above, Plaintiff has suffered a violation of her due process rights at the hands of Defendants.

## AND AS FOR A FIFTH CAUSE OF ACTION

(Violation of Article 1, Paragraph 1 of the New Jersey Constitution)

110.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

111.    Article 1, paragraph 1 of the New Jersey Constitution states that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

112.    The right to defend life and liberty is directly contradicted by the events leading up to Plaintiff's removal and actual removal under physical threat of police violence.

113.    There is no means by which City officials can be held accountable when they wish to remove and/or ban someone.

114.    Plaintiff was banned as a result of the content of her speech, which was adverse to the goals and interests of the Municipal Council President.

115.    There was no warning afforded to Plaintiff, Plaintiff was not asked to submit to proper order, Plaintiff was not asked to voluntarily leave the proceeding, nor was Plaintiff given the ability to have a hearing to defend herself before Defendants relied on threats of physical violence by members of the state to have her removed from the meeting.

116.    The lack of notice is a clear and direct violation of Plaintiff's right to defend her own life and liberty.

117.    The Municipal Council President was able to unilaterally remove and ban Plaintiff without receiving consent or permission to do so from other city officials.

118.    The Municipal Council President was able to unilaterally make this decision without oversight, directly violating Plaintiff's right to life and liberty.

119.    Those who either were, or may have been, in a position to provide oversight elected not to do so or were overridden by the Municipal Council President.

120.    Plaintiff's rights were denied and or stripped from her under threat of physical violence from the Municipal police department.

121.    For the reasons listed above, Plaintiff has suffered a violation of her due process rights at the hands of Defendants.

## AND AS FOR A SIXTH CAUSE OF ACTION

### (Violation of the New Jersey Civil Rights Act - N.J.S.A. 10:6-2)

122.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

123.    The New Jersey Civil Rights Act 10:6-2(c) states:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. The penalty provided in subsection e. of this section shall be applicable to a violation of this subsection.

124.    Analysis under the N.J.C.R.A. is identical to those presented above under 42 § 1983.

125.    Accordingly, Plaintiff pleads identical facts, circumstances, and violations of law as between the 42 U.S.C. § 1983 claims and the Violations of the New Jersey Civil Rights Act.

126.    Defendants, acting under color of state law, have deprived Plaintiff of her substantive and procedural due process rights as well as her right to free speech by her from a Municipal Council Meeting for voicing criticism of the acts and motivations of the Municipal Council President.

127.    Plaintiff's rights and privileges as both a resident of Newark and a citizen of the United States have been interfered with as a direct result of Defendants' intimidation and threats.

128.    Plaintiff was forcibly removed by police officers from the February 7, 2024, meeting under threat of police violence.

129.    Defendants do not have the authority to remove and ban Plaintiff from City Hall meetings while she was engaged in protected political speech and doing so would be in direct violation of the New Jersey Civil Rights Act.

### AND AS FOR A SEVENTH CAUSE OF ACTION

(Free Speech Retaliation - §1983)

130.    Plaintiff repeats and realleges all the foregoing paragraphs.

131.    Plaintiff was engaged in speech protected under the First Amendment, which included, among other things, speaking at portions of meeting of City Council that were open to the public.

132.    Defendants subsequently took adverse or retaliatory action against Plaintiff.

133.    There is a causal connection between Plaintiff's free speech and Defendants' adverse or retaliatory action, in that the protected speech and associational action taken by Plaintiff was a substantial or motivating factor in the adverse or retaliatory actions, ultimately resulting in Plaintiff's removal from the public meeting and ban from subsequent meetings.

134.     The retaliation against Plaintiff was a municipal custom, pattern, practice or policy, in that the retaliation was conducted by or at the behest of the City of Newark's Municipal City Council President and members of City of Newark Municipal Council.

135.     Defendants' conduct against Plaintiff violate her free speech and associational rights under the First Amendment and his substantive due process rights under the Fourteenth Amendment, which is redressable pursuant to 42 U.S.C. §1983.

## AND AS FOR AN EIGHT CAUSE OF ACTION

### (Free Speech Retaliation-State Constitution and N.J.S.A. 10:6-2)

136.     Plaintiff repeats and realleges all the foregoing paragraphs.

137.     The New Jersey Constitution, Art. 1, §6 and 18, guarantees individuals the right to free speech, to assemble, to participate in elections as a candidate, and to speak out about matters of public concern, such as corruption in municipal services.

138.     The New Jersey Civil Rights Act, N.J.S.A. 10:6-2 prohibits persons acting under the color of state law from depriving or interfering with an individual's exercise or enjoyment of their substantive rights under the Federal and State Constitutions.

139.     Plaintiff has a substantive right to be free of reprisals, discipline or political coercion on the basis of their electoral or speech activities, such as addressing corruption in the municipal government, a clear matter of public concern.

140.     Defendants' conduct as aforesaid violated, deprived and interfered with Plaintiffs' exercise or enjoyment of substantive rights, privileges, and immunities under the State Constitution and the New Jersey Civil Rights Act.

141.     Defendants' actions, ultimately resulting in removal from city council meetings under threat of police violence and subsequent bans from future meetings constitute a deprivation of, or an attempt to interfere with Plaintiff's exercise or enjoyment of substantive rights under the

State Constitution and laws, by threats, intimidation, coercion and unfair and unreasonable reprisals.

## ATTORNEY'S FEES UNDER 42 USC §1988

142.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

143.    Under 42 U.S.C. §1988(b), in any action or proceeding to enforce a provision of 42 U.S.C. §1983, the Court has the authority to award attorney's fees to Plaintiff should they prevail on their claims. Accordingly, Plaintiff will be entitled to Attorney's fees pursuant to said authority.

**WHEREFORE**, Plaintiff respectfully demands and requests judgment against Defendants as follows:

I. Compensatory damages;

II. Punitive damages;

III. Declaratory judgement finding Rule XIX is unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

IV. Declaratory judgement that the curtailing of Plaintiff's speech and subsequent removal was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

V. Declaratory judgement that the application of Rule XIX to Plaintiff was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

VI. Permanent injunctive relief enjoining the Defendants from placing unbridled discretion in the presiding officer to restrain speech based upon its overbroad, vague, viewpoint and content-based rules;

VII. An award of reasonable attorney's fees pursuant to 42 U.S.C. §1983;

VIII. A permanent injunction to cease Defendant's illegal conduct;

IX. Litigation costs and expenses; and

X. Granting such other relief that the court deems just and proper.

Dated:  New York, New York

July 11, 2025

**ANDERSON LAW**

*Attorneys for Plaintiff*

By:    __/s/ Gregory A. Byrnes___

      Gregory A. Byrnes

104 West 27th Street, 11th Floor

New York, New York 10001

212.466.6570

gregory@andersonlaw.nyc

## VERIFICATION

STATE OF NEW JERSEY                    )

                                       ) ss.:

COUNTY OF ESSEX                        )


Munirah El Bomani, being duly sworn, deposes and says that I am the Plaintiff in the case

captioned *Munirah El Bomani v. City of Newark et al.*, and have authorized the filing of this

complaint. I have reviewed the allegations made in the complaint, and to those allegations of which

I have personal knowledge, I believe them to be true. In accordance with 28 U.S.C. § 1746, I affirm

that the matter in controversy is not subject of any action currently pending in any court.[4] As to

those allegations of which I do not have personal knowledge, I rely on the publicly available

information and records published by City of Newark and I believe them to be true. I declare under

penalty of perjury that the foregoing is true and correct. Executed on July 11, 2025

DocuSigned by:

*Munirah El Bomani*

48231915D2DA4DA...

Munirah El Bomani

---

[4] The matter in controversy was brought under ESX L 001358-24 in New Jersey Superior Court, but was administratively dismissed without prejudice on October 18, 2024 and is therefore no longer pending.