**THE ANTOINE LAW FIRM, LLC**
52 Underwood Street, #1L
Newark, New Jersey 07106
Wilson David Antoine, Esq., NJ Bar Id# 027922008
**Rebecca K. Striplet, Esq., NJ Bar Id# 327852022**
Tel: (267) 225-8505
Fax: (201) 208-2912
Email: RebeccaS@antoinelawfirm.com
  *Attorneys for Defendants City of Newark,*
  *Improperly and redundantly pled as*
  *Newark Municipal Council,*
  *Council President C. Lawrence Crump, and*
  *US Congresswoman LaMonica McIver*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MUNIRAH EL BOMANI,** | : Civ. Action No. 2:25-cv-13439-JKS-JRA |
| | : |
| Plaintiff, | : Hon. Jamel K. Semper, U.S.D.J. |
| | : |
| v. | : Hon. Jose R. Almonte, U.S.M.J. |
| | : |
| **CITY OF NEWARK, et al.,** | : **Motion Day: November 3, 2025** |
| | : |
| Defendants. | : **Oral Argument Requested** |
| | : |

**DEFENDANT OFFICIALS' BRIEF IN SUPPORT OF MOTION TO DISMISS
COMPLAINT IN LIEU OF ANSWER**

Of Counsel:
     Wilson D. Antoine, Esq.

On the Brief:
     Wilson D. Antoine, Esq.
     Rebecca K. Striplet, Esq.

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT................................................. 1

STATEMENT OF FACTS.................................................. 2

PROCEDURAL HISTORY................................................. 6

LEGAL STANDARD.................................................... 10

  STANDARD FOR MOTIONS BASED ON LACK OF PERSONAL JURISDICTION . 10

  STANDARD FOR MOTIONS TO DISMISS OR STRIKE .................. 12

LEGAL ARGUMENT.................................................... 15

  POINT I ANY INTENDED PERSONAL CAPACITY SUITS AGAINST
  CONGRESSWOMAN LAMONICA MCIVER AND COUNCIL PRESIDENT C. LAWRENCE
  CRUMP SHOULD BE DISMISSED ................................... 15

    A.  There Is No Personal Jurisdiction
       Over Defendant Officials .............................. 16

    B.  Congresswoman McIver and Council President Crump
       Are Entitled To Legislative Immunity .................. 17

  POINT II ALL REMAINING OFFICIAL CAPACITY CLAIMS AGAINST
  CONGRESSWOMAN LAMONICA MCIVER AND COUNCIL PRESIDENT C. LAWRENCE
  CRUMP SHOULD BE DISMISSED AND/OR STRICKEN .................. 18

CONCLUSION........................................................ 20

## TABLE OF AUTHORITIES

**Federal Cases**                                                    **Page(s)**

*Aitchison v. Raffiani*,
    708 F.2d 96 (3d Cir. 1983) ..................................17

*Anspach v. City of Phila.*,
    503 F.3d 256 (3d Cir. 2007) ................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................12

*Ayres v. Jacobs & Crumplar. PA.*,
    99 F.3d 565 (3d Cir. 1996) .................................16

*Bailey v. City of Ann Arbor*,
    860 F.3d 382 (6th Cir. 2017) ...............................14

*Bauxites de Guinee*,
    456 U.S. 694 (1982) ........................................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................12

*Connelly v. Lane Const. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ............................12, 14

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................14

*Hafer v. Melo*,
    502 U.S. 21 (1991) .....................................15, 16

*Institutional Investors Group v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009) ................................13

*Johnson ex rel. A.N.E.R. v. City of San Antonio*,
    No. 22-50196,
    2023 U.S. App. LEXIS 9448 (5th Cir. Apr. 20, 2023) ........14

*Kentucky v. Graham*,
    473 U.S. 159 (1985) ....................................16, 19

*Kociuba v. Kari-Out, LLC,*
    No. 23-01832(JKS)(JBC),
    2024 U.S. Dist. LEXIS 18485 (D.N.J. Feb. 2, 2024) .........11

*Leiva v. Sec'y of Dep't of Homeland Sec.,*
    No. 11-00629(CCC),
    2012 U.S. Dist. LEXIS 50097 (D.N.J. Apr. 10, 2012).........11

*McCurdy v. Am. Bd. of Plastic Surgery*,
    157 F.3d 191 (3d Cir. 1998) ...............................10

*Miles v. City of Newark,*
    *No. 15-1032* (KSH) (CLW),
    2016 U.S. Dist. LEXIS 125324 (D.N.J. Sep. 14, 2016) .......11

*Myers v. Am. Dental Ass'n*,
    695 F.2d 716 (3d Cir. 1982) ...............................10

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ...................................12, 14

*El Bomani v. Baraka ("El Bomani II")*,
    No. 20-655 (KM) (ESK),
    2021 U.S. Dist. LEXIS 107898 (D.N.J. Jun. 9, 2021) .........7

*El Bomani v. Baraka ("El Bomani I")*,
    No. CV 20-655 (KM) (ESK)
    2020 WL 7768390 (D.N.J. Dec. 30, 2020) ...................6, 7

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ........................................16

*Orabi v. Attorney Gen. of the U.S.*,
    738 F.3d 535 (3d Cir. 2014) ...............................15

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
    106 F. Supp. 2d 761 (D.N.J. 2000) .........................13

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .......................................10

*Sands v. McCormick*,
    502 F.3d 263 (3d Cir. 2007) ...............................15

*Scott v. Harris*,
    550 U.S. 372 (2007) .......................................14

*Syncsort Inc. v. Sequential Software, Inc.*,
    50 F. Supp. 2d 318 (D.N.J. 1999) ..........................14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .......................................13

*Werner v. Werner*,
   267 F.3d 288 (3d Cir. 2001) ................................14

**State Cases**

*Gormley v. Wood-El*,
   218 N.J. 72 (2014) .......................................19

**State Statutes**

N.J.S.A. § 59:3-2 ..........................................17

**Rules**

Fed. R. Civ. P. 4 ...................................11, 16, 17

Fed. R. Civ. P. 12 ..............................10, 11, 12, 14

Fed. R. Civ. P. 25 .........................................18

## SUMMARY OF ARGUMENT

Defendants Former Council President and current US Congresswoman LaMonica McIver, and Council President C. Lawrence Crump (collectively, "Defendants"), move to dismiss with prejudice the complaint and any future amended complaints (collectively the "Complaint") of Plaintiff Munirah El Bomani ("Plaintiff").

This matter concerns the penalty imposed on Plaintiff for violating the rules of decorum of a February 16, 2024, Newark Municipal Council ("Council") meeting by heckling the Business Administrator from the crowd during his reserved time to speak. The penalty was a ban from speaking at the next two consecutive meetings on February 21 and 27. Similarly, Plaintiff again spoke out of turn on September 27, 2024, and she was both removed from that meeting and excluded from an October 2, 2024, meeting.

The Complaint should be dismissed with prejudice. Plaintiff alleges civil rights claims against public officials, who have not been personally served, for two isolated incidents of legislative action. Moreover, Defendants, in any event, are entitled to legislative immunity. Even if there were no legislative immunity available, Plaintiff has failed to allege a plausible constitutional violations. Defendants incorporate by reference the arguments set forth in the motion to dismiss of the City of Newark (the "City"), as if set forth herein in their entirety.

## <u>STATEMENT OF FACTS</u>

For the purposes of this motion only, Defendants assume, without admitting, the truth of the allegations of the Complaint to the extent that they are not contradicted by more specific allegations therein, documents integral thereto, incorporated by reference therein, or judicially noticeable.

Plaintiff was scheduled to appear at a public, recorded Newark municipal council meeting, on February 7, 2024, during the section of the meeting called the "Hearing of Citizens." Compl. ¶¶ 10-12. This is a time when citizens are allowed to air their grievances to Newark's municipal council, subject to legislative rules of order.[1]

Plaintiff was afforded five minutes to speak, as per the rules governing the Council meetings. Compl. ¶ 14. Plaintiff used her full time. Compl. ¶ 14. Plaintiff also accused Business Administrator Eric Pennington, Esq., (the "BA") of being corrupt, among other aspersions against the administration. Compl. ¶ 13.

Later in the proceedings after the conclusion of the Hearings of Citizens session, the Council commenced another session for responses from the Council members, from the City administration,

---

[1] General information concerning these municipal council meetings and the hearing of citizens can be found on Newark's website at the following URLs: https://www.newarknj.gov/council-meetings; https://drive.google.com/file/d/12cKRSERUqbxl4QMy7bWhzs2Ew6jA0lLA/view; https://newark.legistar.com/DepartmentDetail.aspx?ID=689&GUID=B3DBDA39-751C-4DD8-B443-ACC982CBFF09&Mode=MainBody.

and to the concerns just announced by the citizens of Newark. Compl. ¶ 18.  At the start of this new session, then-Council President McIver expressly and unequivocally warned all present (including Plaintiff) not to "speak out while council members as well as the administration is responding."  Certification of Rebecca K. Striplet, Esq. ("Certif. Striplet"), dated October 10, 2025, at ¶ 6, *Ex.* C (00:00:10 to 00:00:18); Compl. ¶ 16.

The BA was the first person to take the stand to speak. Certif. Striplet ¶ 6, *Ex.* C; Compl. ¶¶ 20.  During the BA's time, he rebutted the generalized accusation of corruption by Plaintiff. Certif. Striplet ¶ 6, *Ex.* C (00:03:30 to 00:04:30).  During his time, the BA, while addressing and facing the Council, stated that Plaintiff should specifically identify the acts of corruption that she complains of so that he could address them and defend himself. Certif. Striplet ¶ 6, *Ex.* C (00:03:31 to 00:04:22).

Despite the warning Plaintiff received about decorum, Plaintiff can be faintly heard interrupting the BA during his reserved time. Certif. Striplet ¶ 6, *Ex.* C (00:04:19 to 00:04:28); Compl. ¶¶ 25-26.  In response, the BA slightly turned his head and remarked to Plaintiff, "Mildred [sic] you can stand over there in the corner and shout from the hilltops.  Get up here when you in [sic] the microphone . . . ." Certif. Striplet ¶ 6, *Ex.* C (00:4:22 to 00:04:28) (emphasis added); Compl. ¶ 22.  While the BA was speaking, Plaintiff continued to try to speak over the BA and

3

heckle him, getting progressively louder. Certif. Striplet ¶ 6, *Ex.* C (00:4:22 to 00:04:28).

While the BA was speaking, and before he could finish his statement, then-Council President McIver attempted to intervene and direct Plaintiff not to interrupt, but Plaintiff continued speaking over the Council President. Certif. Striplet ¶ 6, *Ex.* C (00:04:25 to 00:04:31); Compl. ¶ 26. Accordingly, the Council President asked for a notation of Plaintiff's disruptive behavior and directed that a temporary ban would be imposed as a result, for future proceedings. Certif. Striplet ¶ 6, *Ex.* C (00:04:28 to 00:04:36).

Plaintiff continued to disrupt proceedings and complain, prompting the Council President to have Plaintiff removed from the Council meeting. Certif. Striplet ¶ 6, *Ex.* C (00:04:28 to 00:04:45); Compl. ¶ 27. At this time, the Council President repeated that she had "asked for folks not to respond back when folks are having their time to respond." Certif. Striplet ¶ 6, *Ex.* C (00:04:44 to 00:04:49); Compl. ¶ 27.

Plaintiff continued yelling and complaining as she left the Council meeting. Certif. Striplet ¶ 6, *Ex.* C (00:04:49 to 00:05:27). Thereafter, the Council President apologized to those in attendance for the delay and disruption caused by Plaintiff, reminding those in attendance that "we can definitely have dialogue in these chambers without disruption." Certif. Striplet ¶ 5, *Ex.*

C (00:05:28 to 00:05:36).

On February 16, 2024, Plaintiff received an email advising that she was temporarily banned from the next two Council meetings which would be held on February 21, 2024, and February 27, 2024. Certif. Striplet ¶ 4, *Ex.* A; Compl. ¶ 30. The letter advised Plaintiff that the ban was being imposed pursuant to Rule XIX, governing decorum. Compl. ¶¶ 31-32; Certif. Striplet ¶ 4, *Ex.* A. The letter cited subsection B of Rule XIX,

> Subsection b of this rule explicitly states as follows:
>
> No person shall by noisy or disorderly conduct disturb or interfere with the quiet good order of a meeting of the Municipal Council. Any person who has been declared out of order by the Presiding Officer and has been asked to cease speaking and to sit down, shall comply immediately or he shall forthwith be removed from the meeting, unless permission to continue or again address the Municipal Council is granted by the majority vote of the Municipal Council.

Certif. Striplet ¶ 7, *Ex.* D.

On September 27, 2024, Plaintiff attended another Council meeting. Compl. ¶ 34. During the meeting, Plaintiff, again, was allowed to speak without incident and for the full time of the Hearing of Citizens. Compl. ¶ 35. Plaintiff alleges that after the time had closed for citizens to speak, a citizen named Ms. Jackson then proceeded to interrupt the administration's time to speak. Compl. ¶¶ 36-37.

Plaintiff then alleges that she joined in the disruption for purposes of defending Ms. Jackson's purported right to speak at

any and all times during the Council meeting. Compl. ¶ 37. As a result, Plaintiff was removed from this meeting as well. Compl. ¶¶ 37-38. On the same date, Plaintiff received a letter informing her that she would be excluded from public speaking at the October 2, 2024, meeting for the same reason as with the February meeting. Compl. ¶ 39; Certif. Striplet ¶ 4, *Ex.* A. Plaintiff alleges that there are seven other residents who have been penalized for speaking out of turn, instead of at the time designated by Council. Compl. ¶¶ 40-42.

## **PROCEDURAL HISTORY**

Plaintiff initiated a prior federal action on January 17, 2020, against Ras J. Baraka, the City's Mayor; Amiri Baraka, Jr., the Chief of Staff; Eric Pennington, the Business Administrator; Luis Quintana, then-Council Vice President; the Newark Police Department; the Newark Municipal Council; Police Officer Marcus Thomas; and Kenyatta Stewart, the Corporation Counsel. *El Bomani v. Baraka (*"El Bomani I"*)*, No. CV 20-655 (KM) (ESK), 2020 WL 7768390, at *1 (D.N.J. Dec. 30, 2020).

In that federal proceeding, Plaintiff alleged that on September 18, 2019, just before her time to speak at the "Hearing of Citizens" portion of a Council meeting, she was "issued" a letter informing her that she was banned from speaking for sixty days based on an incident that had occurred the previous day as prior Council meeting. *Id.*

Interpreting her claim as a constitutional First Amendment "right to speak" claim, on December 30, 2020, the Court dismissed the case without prejudice because Plaintiff had failed to identify the basis for this ban or the nature of Plaintiff's statements that occasioned the ban. *Id.* at *3. The matter was also dismissed for a failure to allege any facts as to the myriad City officials she had named in the complaint. *Id*. at *2.

On February 8, 2021, Plaintiff amended her federal complaint, to clarify that ban was occasioned by "'a comment'" she made at a prior Council meeting. *El Bomani v. Baraka ("El Bomani II")*, No. 20-655 (KM) (ESK), 2021 U.S. Dist. LEXIS 107898, at *5 (D.N.J. Jun. 9, 2021). On June 9, 2021, the Court dismissed the matter with prejudice because Plaintiff again failed to allege any basis to find that the Municipal Council failed to justify their actions to the standard required for the given forum. *Id.* at *4.

On February 21, 2024, Plaintiff filed a new *pro se de facto* complaint in the superior court of New Jersey, with the Chancery Division, under Docket No. ESX-C-39-24. Certif. Striplet ¶¶ 8, 10 *Exs.* E, G. The Complaint arose out of the same facts as the instant matter, but it was prosecuted against the City of Newark Council, then-Council President McIver, and City Clerk Kecia Daniels. Certif. Striplet ¶ 8, *Ex.* E.

On February 23, 2024, the Chancery Division transferred the matter to the Law Division under Docket No. ESX-L-1358-24. Certif.

Striplet ¶ 9, *Ex.* F.   On August 14, 2024, the Law Division judge partially granted a motion to dismiss, (1) dismissing the Clerk with prejudice; (2) dismissing the Open Public Meetings Act claims with prejudice; and (3) dismissing that part of Plaintiff's NJCRA claims that were based on an argument that she was wrongfully ejected from the Council meeting on February 16, 2024, for the content of her speech; but (4) granting leave to Plaintiff to amend her claims to see if she could state an NJCRA claim based on the constitutionality of the duration of the bans or use of temporary bans as a penalization for violating rules of decorum.   Certif. Striplet ¶ 8, *Ex.* E.

The Law Division judge explicitly found that the video recordings of Plaintiff's outburst during the Council session did not reflect exclusion on the basis of the content of her speech, but rather exclusion based on the timing and her failure to abide by both council rules, and express warnings from the Council President.   Certif. Striplet ¶ 8, *Ex.* E.   Admittedly, the state court determined there was also an argument that the penalty for Plaintiff's disorderly conduct was unconstitutional, namely the 60-day ban, but that it was too vague, and needed to be more clearly pled.   Certif. Striplet ¶ 8, *Ex.* E.

On or about September 9, 2024, Plaintiff, represented by her current attorney, filed an amended complaint substituting counsel for the City of Newark, dropping reference to the clerk, and

asserting the same claims now asserted in federal court, except for counts 7 and 8 and the reference to other civilian complaints. Certif. Striplet ¶ 10, *Ex.* G.  The complaint reasserted the claim of content-based speech restrictions, but it failed to allege any claim based on the constitutionality of prospective bans.  Certif. Striplet ¶ 10, *Ex.* G.  Accordingly, another motion to dismiss was filed with the state court.  Certif. Striplet ¶ 11, *Ex.* H.

While the motion was pending, the case was administratively dismissed for lack of prosecution.  Certif. Striplet ¶ 11, *Ex.* H. On or about December 18, 2024, Plaintiff filed an order to show cause application to reinstate the case and amend the complaint to add Council President Crump.  Certif. Striplet ¶ 11, *Ex.* H. Because the case was administratively dismissed for lack of prosecution, all motions were denied without prejudice, even though both motions had been fully briefed; however the request for emergent injunctive relief was denied on the merits.  Certif. Striplet ¶ 11, *Ex.* H.  Plaintiff did not make any further attempt to reinstate the case.  Certif. Striplet ¶ 11.

Rather, Plaintiff filed the instant federal Complaint on or about July 17, 2025.  Dkt. 1.[2]  On or about August 5, 2025, personal service was effected on the City of Newark only by personal

---

[2] The Defendants reserve the right to later raise the defenses of mootness and ripeness to Plaintiff's injunctive relief claims, should this matter not be dismissed by motion.

delivery of process to the City's Clerk's Office.  Dkt. 3.

On September 9, 2025, Defendants specially appeared to request additional time to respond, while preserving the defense of lack of personal jurisdiction.  Dkt. 5.  Defendants were accorded the time to respond to the Complaint, which has been extended to October 10, 2025. Dkt. 6.  Defendants now move to dismiss the Complaint with prejudice.

## LEGAL STANDARD

### STANDARD FOR MOTIONS BASED ON LACK OF PERSONAL JURISDICTION

In this motion, Defendants seek dismissal pursuant to Rules 12(b)(2) and (5), relating to defects in service.  A motion under Rule 12(b)(2) challenges the court's personal jurisdiction over the defendant.   Under Rule 12(b)(2), personal jurisdiction is contingent upon proper service of process, as service is the procedural mechanism by which a court asserts jurisdiction over a defendant.  *See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 195-96 (3d Cir. 1998)*.

When a defendant raises a question concerning the court's power to entertain the action (i.e., jurisdiction), the burden of proof with respect to that issue falls on the plaintiff.  *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 n.10 (3d Cir. 1982) (citation omitted).   "Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district ... court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation omitted) (alterations in original). "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter **and the parties**." *Insurance Corp. of Ireland, Ltd. v. Comnaunie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (emphasis added).

Stated differently, in "order for a district court to exercise personal jurisdiction over a defendant, in serving a summons all procedural requirements mandated by Federal Rule of Civil Procedure 4 must be followed." *Miles v. City of Newark*, No. 15-1032 (KSH)(CLW), 2016 U.S. Dist. LEXIS 125324, at *4 (D.N.J. Sep. 14, 2016).

A motion under Rule 12(b)(5) challenges the sufficiency of service of process itself. The party serving process bears the burden of establishing the validity of service. *Leiva v. Sec'y of Dep't of Homeland Sec.*, No. 11-00629(CCC), 2012 U.S. Dist. LEXIS 50097, at *11 (D.N.J. Apr. 10, 2012). Improper service, such as serving an unauthorized individual, warrants dismissal under Rule 12(b)(5). *See Miles*, 2016 U.S. Dist. LEXIS 125324, at *4; *Kociuba v. Kari-Out, LLC*, No. 23-01832 (JKS)(JBC), 2024 U.S. Dist. LEXIS 18485, at *12 (D.N.J. Feb. 2, 2024). "[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Kociuba*, 2024 U.S. Dist. LEXIS 18485, at *12. Again, compliance

with Rule 4 is necessary to avoid dismissal under Rule 12(b)(5). *Id.*

## STANDARD FOR MOTIONS TO DISMISS OR STRIKE

Rule 12(f) states that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . . (1) on its own; or (2) on motion made by a party." Similarly, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted," pursuant to Rule 12(b)(6).

A 12(b)(6) motion serves an important role in the litigation process in that it "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), sets the standard for a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

"First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Id.* (citations omitted) (alterations in original). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (citations omitted). Stated differently, "the factual and legal elements of

a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Under the third prong, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Connelly*, 809 F.3d at 787 (citations omitted) (alterations in original).

A court can "dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. Dismissal may be with prejudice where proposed amendments would be futile as unable to make the claim plausible. *See Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

On a motion to dismiss, courts may "consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009) (alterations in original) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322(2007)) (internal quotation marks omitted). A court may also review documents that are integral to the complaint. *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 325 (D.N.J. 1999) ("Documents attached to a motion to dismiss must be explicitly relied upon or integral to the complaint or counterclaim of the nonmovant.").

Accordingly, even though the nonmovant is entitled to every

13

favorable inference, courts are to "assign greater weight. . . to the facts evident from video recordings taken at the scene." *Johnson ex rel. A.N.E.R. v. City of San Antonio*, No. 22-50196, 2023 U.S. App. LEXIS 9448, at *16 (5th Cir. Apr. 20, 2023) (internal quotation marks and citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the [video footage in the] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, the court "should . . . view[] the facts in the light depicted by the videotape." *Id.* at 381.

Moreover, video evidence that utterly discredits a plaintiff's version of events allows courts to ignore the "visible fiction" in that party's complaint, "even at the motion to dismiss stage. *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017).

Concerning judicial notice "[a] court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. . . . [and a] judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (footnote omitted) (citations omitted). "Courts ruling on Rule 12(b)(6) motions may

take judicial notice of public records." An*spach v. City of Phila.*, 503 F.3d 256, 273 n.11 (3d Cir. 2007).

Notably, "judicial proceedings constitute public records." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); see also Orabi v. Attorney Gen. of the U.S., 738 F.3d 535, 537 (3d Cir. 2014) ("[Courts] may take judicial notice of the contents of another Court's docket.").

Here, dismissal is appropriate based on judicially noticeable documents and video footage, which is also integral to and referenced in, the Complaint.

**LEGAL ARGUMENT**

**POINT I**

**ANY INTENDED PERSONAL CAPACITY SUITS AGAINST CONGRESSWOMAN LAMONICA MCIVER AND COUNCIL PRESIDENT C. LAWRENCE CRUMP SHOULD BE DISMISSED**

It is unclear whether the Complaint was intended to assert personal capacity claims against Congresswoman McIver and Council President Crump, but if so, any such claims should be dismissed for lack of personal jurisdiction and because they are entitled to legislative immunity.

A personal-capacity claim seeks to impose individual liability on a government official for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In such cases, the official is personally liable for any judgment, and the plaintiff must look to the official's personal assets to satisfy

the judgment. *Id.* The real party in interest in a personal-capacity suit is the individual official, not the government entity. *Id.*

A.   There Is No Personal Jurisdiction Over Defendant Officials

As a personal-capacity claim is brought directly against the individual, not the public entity, there must be personal jurisdiction over that individual. *See generally Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*.

Federal Rule of Civil Procedure 4 sets forth the procedure by which a court gains personal jurisdiction over a defendant. *Ayres v. Jacobs & Crumplar. PA.*, 99 F.3d 565, 568 (3d Cir. 1996). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Id.* at 569.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(c)(1), which states how service must be made, states that "plaintiff is responsible for

having the summons and complaint served within the time allowed by Rule 4(m)."

Rule 4(e) states that an individual is served by (1) effecting personal delivery of process, (2) leaving a copy of process with an adult at the defendant's dwelling or usual place of abode, (3) delivering a copy to an authorized agent, or (4) by following State law governing service of process. Fed. R. Civ. P. 4(e)(1), (2)(A)-(C). State law mirrors the first three above-referenced methods of service. NJ Ct. R. 4:4-4(a)(1).

Here, Plaintiff has only served the City. Dkt. 3. No service was personally effected on Council President Crump or Congresswoman McIver. Accordingly, service is insufficient; there is no personal jurisdiction over these two defendants; and any personal-capacity claims as to them should be dismissed.

B.   Congresswoman McIver and Council President Crump Are Entitled To Legislative Immunity

Former Councilwoman McIver and Council President Crump are alternatively immune from suit. It is axiomatic that "members of a municipal council acting in a legislative capacity are absolutely immune from damage suits." *Aitchison v. Raffiani*, 708 F.2d 96, 99 (3d Cir. 1983); *see also* N.J.S.A. § 59:3-2(b) ("A public employee is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature.").

17

The enclosed videos unequivocally show that former council president McIver was acting in a legislative capacity at all times relevant. She engaged in procedurally legislative conduct by excluding Plaintiff from speaking at the Council meeting by means of established legislative procedures. Indeed, the Rules of Procedure for the Council, Rule XVIII, Manner of Addressing the Municipal Council, provide that the "Presiding Officer may interrupt or terminate any individual's speaking privilege if these rules are violated and further may prohibit requests from such individual to register and speak at further Municipal Council meetings."

The former Council President enforced the above-referenced Municipal Council Rules. Plaintiff complains that the current council president has enforced the same rules. They are therefore both entitled to legislative immunity for acting in a legislative capacity.

POINT II

**ALL REMAINING OFFICIAL CAPACITY CLAIMS AGAINST CONGRESSWOMAN LAMONICA MCIVER AND COUNCIL PRESIDENT C. LAWRENCE CRUMP SHOULD BE DISMISSED AND/OR STRICKEN**

It is assumed that the claims against the present and former council president are intended to be official capacity claims against the Office of Council President. In this respect, it is redundant to list both the former and present Council President. In particular, Fed. R. Civ. P. 25(d) provides that when "a public

18

officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office . . . . [t]he officer's successor is automatically substituted as a party."

Moreover, it is axiomatic that official capacity claims should be treated as a lawsuit against the City. _Kentucky v. Graham_, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). "[A]n official-capacity suit 'is not a suit against the official [personally] but rather is a suit against the official's office.'" _Gormley v. Wood-El_, 218 N.J. 72, 85 n.3 (2014) (second alteration in original). Accordingly, for the same reasons that the claims against the City should be dismissed, all official capacity claims should be dismissed against the office of the Council President as well. In this respect, Defendants incorporate by reference the arguments set forth in the City's motion to dismiss as if set forth herein in their entirety, particularly that all claims should be dismissed because there is no constitutional violation and no compliance with the requisites of _Monell_.

Finally, Counts five and six appear to be redundant of count eight as they all attempt to allege content-based infringement of the freedom of speech under the NJ Constitution and/or New Jersey Civil Rights Act (the "NJCRA"). Although count five refers to the New Jersey Constitution, while the other counts refer to the NJCRA,

as discussed in the City's moving brief, the NJCRA claims are all rooted in the State Constitution. Therefore, Counts five and six should be stricken as redundant.

**<u>CONCLUSION</u>**

For the above reasons and for the reasons set forth in the City's moving papers, Defendants respectfully request that the Court grant this motion to dismiss.

Respectfully,

**THE ANTOINE LAW FIRM, LLC**
*Attorneys for Defendants*

By:  <u>s/Rebecca K. Striplet</u>
     Rebecca K. Striplet, Esq.
     Associate

Dated: October 10, 2025