# EXHIBIT "E"

**THE ANTOINE LAW FIRM, LLC**
Wilson D. Antoine, Esq
NJ Bar Id# 027922008
52 Underwood Street, #1L
Newark, New Jersey 07106
Tel: (973) 370-5347
Fax: (201) 208-2912
Email: wilsona@antoinelawfirm.com
*Attorney for Defendants City of Newark,*
*Council President LaMonica McIver, and*
*City Clerk Kecia Daniels*

FILED
AUG 1 4 2024
Hon. Stephen L. Petrillo, J.S.C.

| | |
|---|---|
| **MUNIRAH EL BOMANI,** | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: ESSEX COUNTY |
| | DOCKET NO. ESX-L-1358-24 |
| v. | Civil Action |
| **CITY OF NEWARK, et al.,** | |
| Defendants. | |

## ORDER OF DISMISSAL

**THIS MATTER** having been opened by cross-motion of Defendants City of Newark, Council President LaMonica McIver, and City Clerk Kecia Daniels (collectively "Defendants"), by and through the Antoine Law Firm, LLC, and on notice to Plaintiff Munirah El Bomani, f Order Dismissing the Complaint in Lieu of Filing an Answer, for Plaintiff's failure to state a claim; and

**WHEREAS**, Plaintiff filed an informal complaint against Defendants on or about February 21, 2024, along with an order to show cause for injunctive and temporary relief; and

**WHEREAS**, Defendants cross-moved to dismiss the complaint and opposed the order to show cause on or about May 9, 2024; and

**WHEREAS**, oral argument on Plaintiff's motion for an order to show cause and Defendant's cross-motion to dismiss was held on May 13, 2024, in person; and

**WHEREAS**, the Court denied the order to show cause, and reserved on the cross-motion to dismiss to offer Plaintiff additional time to oppose the motion; and

**WHEREAS**, Plaintiff opposed the motion on or about May 29, 2024, and Defendants filed and served a reply on July 30, 2024; and

**WHEREAS**, oral argument was continued on August 8, 2024, in person; and

**WHEREAS**, the Court delivered an oral opinion on the record on August 8, 2024, granting this matter in part, and denying this matter in part; and

**WHEREAS**, in the oral opinion, the Court found that the Open Public Meetings Act ("OPMA") does not provide private cause of action, and that Plaintiff's OPMA claim should therefore be dismissed; and

**WHEREAS**, in the oral opinion, the Court found that no allegations of actionable wrongdoing had been made against Defendant City Clerk Kecia Daniels, and that the claims against her should therefore be dismissed; and

**WHEREAS**, in the oral opinion, the Court found that Plaintiff had asserted two factual bases for the claim under the New Jersey Civil Rights Act ("NJCRA"): (1) that Plaintiff had been wrongfully ejected from the Municipal Council meeting on February 16, 2024 for the content of her speech; and (2) that the additional penalty of a ban from the next two Municipal Council meetings was constitutionally excessive; and

**WHEREAS**, in the oral opinion, the Court found that Plaintiff had asserted two factual bases for the claim under the New Jersey Civil Rights Act ("NJCRA"): (1) that Plaintiff had been wrongfully ejected from the Municipal Council meeting on February 16, 2024 for the content of her speech; and (2) that the City's policy of allowing bans from the subsequent Municipal Council meetings is unconstitutional; and

ESX-L-001358-24   08/14/2024   Pg 3 of 4   Trans ID: LCV20242002260
Case 2:25-cv-13439-JKS-JRA   Document 9-6   Filed 10/10/25   Page 4 of 5 PageID: 130

WHEREAS, in the oral opinion, the Court found that Plaintiff's first factual basis for an NJCRA claim (that Plaintiff had been wrongfully ejected from the Municipal Council meeting on February 16, 2024 for the content of her speech), failed to state a claim for relief, and that the claim as to the City of Newark and Council President McIver should be dismissed in this respect; and

WHEREAS, in the oral opinion, the Court found that Plaintiff's second factual basis for an NJCRA claim (that the constitutionality of bans from subsequent Municipal Council meetings) possibly contains a fundament of a claim against the City of Newark and Council President McIver, but that the claim is so vague or ambiguous that Defendants cannot reasonably be required to frame a responsive pleading, and Plaintiff should submit an amended complaint against the City of Newark and Council President McIver alleging additional necessary facts in support of such a claim; and

WHEREAS, the Court directed counsel for defendants to memorialize the Court's decision in an updated proposed order, submitted on five days' notice pursuant to *Rule* 4:42-1(c);

NOW THEREFORE, on notice to all parties appearing of record in this matter; for good cause having been shown;

IT IS on this 14 day of Aug, 2024,

ORDERED as follows, for the reasons stated on the record:

1. Defendants' cross-motion to dismiss is hereby granted in part and denied in part;
2. All claims against City Clerk Kecia Daniels are hereby dismissed with prejudice;
3. All claims under the OPMA are hereby dismissed with prejudice;
4. All claims raised under the NJCRA are dismissed without prejudice;
5. Plaintiff has until September 9, 2024, to file an amended complaint with additional facts and claims consistent with the Court's ruling;
6. Counsel for Defendants shall serve a copy of this Order upon Plaintiff Munirah El Bomani via email within _____ days of its receipt.

ORDERED, that this order be served in accordance with R. 1:5-1(a).

\* email may be an additional mode of service

3

_____
HONORABLE STEPHEN L. PETRILLO, J.S.C.

☒ Opposed

☐ Unopposed

※ Reasons stated on Record following O/A.

4