# EXHIBIT "G"

OTSC as Original Process –
Submitted with New Complaint
Preliminary Injunctive Relief
Pursuant to *Rule* 4:52-1 – No TRO

MUNIRAH El Bomani #25234
C/o 2 Federal Square
Newark, NJ 07102
_____,
The City of Newark,
v. Council President LAMONICA McIver
City Clerk, KeCIA Daniels
_____,
   Plaintiff(s)

   Defendant(s)

Superior Court of New Jersey
_____ Division _____ Part
ESSEX County
Docket Number _____

Civil Action

**Order to Show Cause**
**Preliminary Injunction**
**Pursuant to *Rule* 4:52**

This matter being brought before to the court by _____PRO SE Litigant_____, attorney for plaintiff, __MUNIRAH El Bomani__, seeking relief by way preliminary injunction at the return date set forth below pursuant to *R.* 4:52, based upon the facts set forth in the verified complaint filed herewith and for good cause shown.

It is on this __21__ day of __February__, 20__24__, **ORDERED** that defendant(s),

_____, appear and show cause before the Superior Court at the _____ County Courthouse in _____, New Jersey at ____ o'clock in the ____ noon or as soon thereafter as counsel can be heard, on the ____ day of _____, 20____ why an order should not be issued preliminarily enjoining and restraining, _____, from: (Set forth with specificity the return date relief that the plaintiff is seeking)

A. __Injunction Relief__
B. __Seeking my rights be restored according to the Open Public meeting Act 10:4-12 paragraph a__
C. __Stop violations of my Civil Rights under NJSH 10:6-2 paragraph C and F__
D. Granting such other relief as the court deems equitable and just.

And it is **further ORDERED** that:

1. A copy of this order to show cause, verified complaint, legal memorandum and any supporting affidavits or certifications submitted in support of this application be served upon

Revised 09/01/2019, CN 10705                                                page 1 of 3

the defendant(s) ☐ personally, or ☐ _____ within _____ days of the date hereof, in accordance with *R.* 4:4-3 and *R.* 4:4-4, this being original process.

2. The plaintiff must file with the court his/her/its proof of service of the pleadings on the defendant no later than three (3) days before the return date.

3. Defendant(s) shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by _____. The original documents must be filed with the clerk of the Superior Court in the county listed above. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov. You must send a copy of your opposition papers directly to Judge _____, whose address is _____, New Jersey. You must also send a copy of your opposition papers to the plaintiff's attorney whose name and address appears above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $_____ and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

4. The plaintiff must file and serve any written reply to the defendant's order to show cause opposition by _____. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge _____.

5. If the defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least three days prior to the return date.

6. If the plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7. Defendant takes notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service within 35 days from the day of service of this order to show cause; not counting the day you received it.

These documents must be filed with the Clerk of the Superior Court in the county listed above. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov. Include a $_____ filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: opposition to the order to show cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order, the court may enter a default against you for the relief plaintiff demands.

8. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.

9. The court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than _____ days before the return date.

_____, J.S.C.

OSC AS ORIGINAL PROCESS –
SUBMITTED WITH NEW COMPLAINT
PRELIMINARY INJUNCTIVE RELIEF AND
TEMPORARY RESTRAINING ORDER
PURSUANT TO RULE 4:52

MUNIRAH EL BOMANI

[Insert the plaintiff's name]
C/O 2 Federal Square #25234
Newark, NJ 07102
973-818-8521
                                    Plaintiff(s),
                                    v.

[Insert the defendant's name]
The City of Newark
Council President
LAMONICA McIVER
City Clerk Kecia Daniels
                                    Defendant(s).

SUPERIOR COURT OF NEW JERSEY
_____ DIVISION ESSEX COUNTY
_____ PART

Docket No.:

CIVIL ACTION

ORDER TO SHOW CAUSE
WITH TEMPORARY RESTRAINTS
PURSUANT TO RULE 4:52

THIS MATTER being brought before the Court by _____, ~~attorney for~~ plaintiff, [~~insert the plaintiff's name~~] MUNIRAH-ElBOMANI, seeking relief by way of temporary restraints pursuant to R. 4:52, based upon the facts set forth in the verified complaint filed herewith; and it appearing that [the defendant has notice of this application] or [defendant consent's to plaintiff's application] or [immediate and irreparable damage will probably result before notice can be given and a hearing held] and for good cause shown.

It is on this 20 day of February ORDERED that defendant, [~~insert the defendant's~~ Council President LAMONICA McIVER City Clerk Kecia Daniels name], appear and show cause before the Superior Court at the ESSEX County Courthouse in _____, New Jersey at _____ o'clock in the _____ noon or as soon thereafter as counsel can be heard, on the _____ day of _____, 20 __ why an order should not be issued preliminarily enjoining and restraining defendant, [insert the defendant's name], from

A. [Set forth with specificity the return date relief that the plaintiff is seeking.];
B. Seeking my Open Public Meeting Act 10:4-12 paragraph A
C. Stop violating my civil Rights under NJSA 10:6-2 paragraph C and F
D. Granting such other relief as the court deems equitable and just.

And it is further ORDERED that pending the return date herein, the defendant is [temporarily] enjoined and restrained from: Excluding my access to Public building and Open Public Meeting.

American LegalNet, Inc.
www.FormsWorkflow.com

A. [S*et forth with specificity the temporary restraints that the plaintiff is seeking.*];

B. DAMAGES for violation is $150,000 plus legal fees.

C. _____.

And it is further *ORDERED* that:

1. The defendant may move to dissolve or modify the temporary restraints herein contained on two (2) days notice to the [plaintiff's attorney o*r alternate:* plaintiff].

2. A copy of this order to show cause, verified complaint, legal memorandum and any supporting affidavits or certifications submitted in support of this application be served upon the defendant [personally *or alternate: describe form of substituted service*] within ____ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

3. The plaintiff must file with the court his/her/its proof of service of the pleadings on the defendant no later than three (3) days before the return date.

4. Defendant shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by _____, 20__. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to Judge _____, whose address is _____, New Jersey. You must also send a copy of your opposition papers to the plaintiff's attorney whose name and address appears above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ _____ and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

5. The plaintiff must file and serve any written reply to the defendant's order to show cause opposition by _____, 20__. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge _____.

6. If the defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least three days prior to the return date.

American LegalNet, Inc.
www.FormsWorkflow.com

7. If the plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

8. Defendant take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

These documents must be fled with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $_____ filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the order to show cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief plaintiff demands.

9. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

10. The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than ___ days before the return date.

_____
J.S.C.

American LegalNet, Inc.
www.FormsWorkflow.com

City Officials are violating my rights of the OPEN Public meetings ACT 10:4-12 paragraph (A) and CIVIL RIGHTS under NJSA 10:6-2 paragraph C and F.

ON FEB 7th, 2024, I spoke at the Newark City council meeting, which is a public meeting. At the end of the council meeting the Business Administrator got up to address my comment to discredit me and verbally attacking me. When I responded back, the City council President ejected me from the meeting.

~~at the end of the meeting~~. ON February 16th, I received an email that I was excluded from Newark City Hall and from public speaking for allegedly 2 meetings on the 2/21/24 and 2/27/24. For being disorderly.

I wasn't disorderly. I just responded to a comment that was made towards me. ACLU and other civil rights organizations sent letters to Newark City Council for violating my Open Public Meeting Act and Civil Rights. We need the courts to step in and put an end to these civil right violations.

ANDERSON LAW
104 W 27th STREET, 11th FLOOR
PH: (212) 466-6571
GREGORY@ANDERSONLAW.NYC
GREGORY BYRNES (316122020)
*Attorneys for Plaintiff Munirah El Bomani*

| | | |
|---|---|---|
| ----------------------------------------------------- X | | |
| MUNIRAH EL BOMANI, | : | SUPERIOR COURT OF NEW |
| | : | JERSEY LAW DIVISION: |
| Plaintiff, | : | ESSEX COUNTY |
| | : | DOCKET NO. ESX-L-1358-24 |
| -against- | : | |
| | : | |
| CITY OF NEWARK, COUNCIL PRESIDENT LAMONICA MCIVER, | : | **CIVIL ACTION** |
| | : | AMENDED COMPLAINT |
| Defendants. | : | |
| ----------------------------------------------------- X | | |

## PRELIMINARY STATEMENT

Plaintiff Munirah El Bomani ("Plaintiff"), by their attorneys, Anderson Law, brings this First Amendment action against Defendants City of Newark and Council President LaMonica McIver (collectively "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff Munirah El Bomani is an individual residing in the City of Newark.

2. Defendant City of Newark is a municipal corporation organized under the authority of Legislative enactment of the State of New Jersey.

3. Defendant LaMonica McIver is the Council President of the City of Newark ("President").

## STATEMENT OF FACTS

4. On February 7, 2024, Plaintiff attended and spoke at the Newark City Council meeting, which was a public meeting. A link to the meeting can be found on Youtube: https://youtube.com/watch?v=em6x8k-xvUE&t=2600s.

5. The public meeting has an open floor for citizens to speak.

6. The President, in her official capacity, presided over the public comment period of the City Hall meeting, also referred to as the "hearing of citizens".

7. During the "hearing of citizens" portion of the meeting, Ms. El Bomani criticized Business Administrator Eric Pennington ("Pennington") concerning alleged corruption.

8. Ms. El Bomani spoke for five minutes and concluded when the President noted Ms. El Bomani's time had expired.

9. Several more speakers proceeded during the "hearing of citizens."

10. After concluding the "hearing of citizens", the President asked that the public did not speak while the council members and administrator were responding.

11. No further instructions were provided.

12. The President then opened the floor for the counsel and administration to speak.

13. No member of the legislature addressed the chamber.

14. Pennington thereafter addressed the chamber on behalf of the administration.

15. Pennington proceeded to address Ms. El Bomani's corruption allegations and attempted to discredit Plaintiff in a hostile manner.

16. Pennington, after approximately a minute of addressing the corruption allegations made by Ms. El Bomani, addressed Ms. El Bomani directly stating "you can stand over there in the corner and shout from the hilltops".

17. Pennington turned directly to Ms. El Bomani rather than facing the city counsel when he made the comment.

18. In response to Pennington's direct attack on Plaintiff, Plaintiff responded.

19. Ms. El Bomani's response was not loud enough to be sufficiently audible on the Youtube video.

20. Within seconds of Ms. El Bomani's response, the President stated "Excuse me, excuse me, Ms. Bomani umm madum clerk please note that Ms. Bomani's disruption as well as we are going to place a ban for the disruption. . . Police can we get some assistance. . . I asked for folks not to respond back when folks are supposed to respond. Ms. Bomani please depart from the chambers. Ms. Bomani please depart from the chambers."

21. Plaintiff was thereafter removed from the City Council meeting by the Newark Police.

22. No warning was provided to Ms. El Bomani before being removed from the chambers.

23. At no point did Plaintiff engage in disorderly conduct.

24. On or about February 16, 2024, Plaintiff received an email informing her that she would be excluded from Newark City Hall and from public speaking at the February 21, 2024, and February 27, 2024 meetings because of her alleged disorderly conduct.

25. Specifically, the letter states that "During the Regular Meeting, you continued to call out from the audience after repeated warnings, from Council President McIver, during the time that Business Administrator Pennington had the floor."

26. The letter cites to Rule XIX: Decorum, Section B:

> No person shall by noisy or disorderly conduct disturb or interfere with the quiet good order of a meeting of die Municipal Council. Any person who has been declared out of order by the Presiding Officer and has been asked to cease speaking and to sit down, shall comply immediately or he/ she shall forthwith be removed from the meeting, unless permission to continue or again address the Municipal Council is granted by the majority vote of the Municipal Council.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of First Amendment Rights – Facial)

27. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

28. A statute is unconstitutionally vague on its face when the statute does not outline the prohibited conduct with sufficient certainty.

29. Rule XIX references "noisy" or "disorderly" conduct and conduct that would cause an individual to be declared "out of order".

30. Rule XIX fails to outline the specific conduct that may be deemed "noisy" or "disorderly", nor does it detail what would cause an individual to be declared "out of order".

31. Rule XIX is unconstitutionally vague because it fails to provide City Hall meeting attendees with adequate warning and/or notice as to what conduct would cause them to be removed from the meeting.

32. Because Rule XIX fails to outline the exact conduct that would be prohibited and result in removal for a City Hall meeting, nor a procedure to adjudicate such conduct, the rule is unconstitutionally vague.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of First Amendment Rights – As Applied)

33. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

34. A public forum is classified as a public area that is open to general debate and assembly, either by specific government designation or by a matter of tradition.

35. Speech in a public forum can be limited only narrowly.

36. The City Council meeting is classified as a public forum within which Plaintiff's speech can only be narrowly limited.

37. Any restrictions as to the time, place, and manner of speech in a public forum must (1) be unrelated to content; (2) be narrowly tailored to serve a significant government interest; and (3) allow alternative ways of communicating the same information.

38. Plaintiff's speech was restricted as a direct result of the content of her speech.

39. The forced removal and subsequent ban were a direct result of Plaintiff's attempt to advocate for herself and address the comments made by the Business Administrator that were directed towards the Plaintiff.

40. Plaintiff was not removed as a result of her disorderly conduct. NJSA 2C:33-8 states: "a person commits disorderly persons offense if, with purpose to prevent or disrupt a lawful meeting, procession or gathering, he does an act tending to obstruct or interfere with it physically."

41. Plaintiff did not have the intention to prevent or disrupt the meeting, nor did she act to obstruct or interfere with the meeting physically.

42. Upon information and belief, Plaintiff was removed and subsequently banned from the following two (2) meetings as a result of the content of her speech.

43. The removal of Plaintiff did not serve a significant government interest.

44. Public forums are intended to foster general assembly and debate where community members can exercise their free speech.

45. It is not within the governmental interest to prohibit an individual from advocating for themselves, nor is it within the governmental interest to ban individuals from the ability to engage in public forums as a result of their advocacy.

46. It was not within the governmental interest to ban Plaintiff.

47. Defendants did not allow Plaintiff alternative ways to communicate the same information.

48. By removing Plaintiff from the February 7, 2024, meeting and banning Plaintiff from the following two (2) meetings, Defendants actively and intentionally sought to disallow and discourage Plaintiff from being able to communicate the same information they had been removed for communicating in the first place.

49. Defendants' ban on Plaintiff from attending and speaking at the February 21, 2024, and February 27, 2024, meetings was a clear and blatant restriction on Plaintiff's ability to exercise her free speech in a public forum, constituting a First Amendment right violation.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Article 1, Paragraph 6 of the New Jersey Constitution)

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

51. Article 1, paragraph 6 of the New Jersey Constitution states that "[e]very person may freely speak, write and publish his sentiments on all subjects, […]. No law shall be passed to restrain or abridge the liberty of speech or of the press."

52. Rule XIX places restraints on an individual's liberty to speak freely because of its incredibly vague construction.

53. Under Rule XIX the Presiding Officer is given the ability to declare someone's conduct as out of order and remove them from the City Hall meeting, without outlining the specific conduct that would warrant such removal. As a result, the Presiding Officer is given unfettered discretion to determine what they personally feel to be conduct warranting removal.

54. There is no mechanism in place or outlined within Rule XIX that ensures that the Presiding Officer is only removing individuals for being disruptive and not because of the content of their speech.

55. Plaintiff's speech was restricted, and she was removed from the City Hall meeting as a result of the content of her speech.

56. Plaintiff was not disorderly within the meaning of NJSA 2C:33-8 nor did she intend to disturb or interfere with the quiet and good order of the City Hall Meeting. Plaintiff merely intended to exercise her right to speak freely as granted by Article 1, paragraph 7 of the New Jersey Constitution which was restrained and abridged as a result of Rule XIX and the actions of Defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Fourteenth Amendment Violation)

57. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

58. When determining whether due process standards have been met, a three-factor balancing test must be examined. The three factors are as follows: (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of interests through the procedures that were used, and (3) the Government's interest.

59. The President unilaterally decided to remove Plaintiff from the February 7, 2024, meeting and ban her from the subsequent two (2) meetings. Plaintiff was not afforded the opportunity to respond or plead her case. Plaintiff suffered and continues to suffer deprivation of her due process rights.

60. There is no process in place to ban an individual from a City Hall meeting, nor are there any guidelines that must be followed when one wishes to ban or remove another from a City Hall meeting.

61. The President and those similarly situated are giving blanket authority to remove and ban at their will without any accountability.

62. Plaintiff suffered as a result and others will continue to suffer should nothing be changed.

63. It is within the Defendants' interest to remedy the wrongs done to Plaintiff.

64. The removal and subsequent banning of Plaintiff from City Hall meetings signals to other community members that should they speak out and advocate for themselves and the community, the will suffer due process deprivations.

65. This would run completely contrary to the purpose of such meetings.

66. For the reasons listed above, Plaintiff has suffered a violation of her due process rights at the hands of Defendants.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Violation of Article 1, Paragraph 1 of the New Jersey Constitution)

67. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

68. Article 1, paragraph 1 of the New Jersey Constitution states that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

69. The right to defend life and liberty is directly contradicted by the events leading up to the removal and subsequent banning of Plaintiff from two (2) meetings.

70. There is no process outlined by which one may be removed or banned from City Hall meetings.

71. There is no means by which City officials can be held accountable when they wish to remove and/or ban someone.

72. Plaintiff was banned as a result of her "outburst" as described by President.

73. There was no warning afforded to Plaintiff, nor was Plaintiff given the ability to have a hearing to defend herself.

74. The lack of notice is a clear and direct violation of Plaintiff's right to defend her own life and liberty.

75. The President was able to unilaterally ban Plaintiff without receiving consent or permission to do so from other city officials.

76. The President was able to unilaterally make this decision without oversight, directly violating Plaintiff's right to life and liberty.

77. For the reasons listed above, Plaintiff has suffered a violation of her due process rights at the hands of Defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the New Jersey Civil Rights Act)

78. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

79. The New Jersey Civil Rights Act 10:6-2(c) states:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. The penalty provided in subsection e. of this section shall be applicable to a violation of this subsection.

80. Defendants have deprived Plaintiff of her substantive due process rights as well as her right to free speech by removing and subsequently banning her from two (2) City Hall meetings for merely advocating for herself.

81. Plaintiff's rights and privileges as both a resident of Newark and a citizen of the United States have been interfered with as a direct result of Defendants' intimidation and threats.

82. Plaintiff was removed by police officers from the February 7, 2024,

83. The letter from the City Clerk was for the purpose of threatening Plaintiff to quiet her speech.

84. New Jersey Civil Rights Act 10:4-16, does not permit bans.

85. Defendants do not have the authority to ban Plaintiff from City Hall meetings and doing so would be in direct violation of the New Jersey Civil Rights Act.

**WHEREFORE**, Plaintiff respectfully demands and requests judgment against Defendants as follows:

(a) monetary damages in the amount of $150,000;

(b) declaratory judgement finding Rule XIX is unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

(c) declaratory judgement that Plaintiff's ban from legislative chambers was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

(d) declaratory judgement that the application of Rule XIX to Plaintiff was unconstitutional and in violation of New Jersey Civil Rights Act 10:6-2(c);

(e) permanent injunction preventing Defendants from implementing bans from legislative chamber when open to the public;

(f) Granting such other relief that the court deems just and proper.

Dated: New York, New York
September 9, 2024

**ANDERSON LAW**
*Attorneys for Plaintiff*
By:   /s/ Gregory A. Byrnes
Gregory A. Byrnes
104 West 27th Street, 11th Floor
New York, New York 10001
212.466.6570
gregory@andersonlaw.nyc

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the Court is advised that Gregory A. Byrnes is hereby designated as trial counsel for Plaintiff in this action.

## CERTIFICATION REGARDING PROCEEDINGS AND PARTIES

Undersigned counsel hereby certifies, in accordance with R. 4:5-1(b)(2), that the matters in controversy in this action are not the subject of any other pending or contemplated action in any court or arbitration proceeding known to plaintiff at this time, nor is any-nonparty known to plaintiff at this time who should be joined in this action pursuant to R. 4:28, or who is subject to joinder pursuant to R. 4:29-1. If, however, any such non-party later becomes known to plaintiff, an amended certification shall be filed and served on all other parties and with this Court in accordance with R. 4:5-1(b)(2).

Dated:  New York, New York  
        September 9, 2024

**ANDERSON LAW**  
*Attorneys for Plaintiff*

By:    /s/ Gregory A. Byrnes  
      Gregory A. Byrnes