# EXHIBIT "H"

**THE ANTOINE LAW FIRM, LLC**
52 Underwood Street, #1L
Newark, New Jersey 07106
Wilson David Antoine, Esq., NJ Bar Id# 027922008
**Rebecca K. Striplet, Esq., NJ Bar Id# 327852022**
Tel: (267) 225-8505
Fax: (201) 208-2912
Email: rebeccas@antoinelawfirm.com
*Attorneys for Defendants City of Newark, and Council President LaMonica McIver*

| | |
|---|---|
| **MUNIRAH EL BOMANI,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | DOCKET NO. ESX-L-1358-24 |
| | |
| v. | Civil Action |
| | |
| **CITY OF NEWARK, et al.,** | |
| | |
| Defendants. | |

### ORDER ~~DISMISSING COMPLAINT~~

**THIS MATTER** having been opened by motion of **Defendants City of Newark and Council President LaMonica McIver (collectively "Defendants"),** by and through the Antoine Law Firm, LLC, on notice to the Plaintiff, for an Order Dismissing the Complaint in Lieu of Filing an Answer, for Plaintiff's failure to state a claim, and the Court having considered the matter, and for good cause being shown: and for the reasons set forth below;*

**IT IS** on this  9th  day of  April , 20 25;

**ORDERED** as follows:

1. Defendants' motion is hereby **GRANTED** ~~in its entirety.~~
   denied without prejudice as moot.
2. ~~The Complaint is hereby dismissed with prejudice in its entirety.~~

☒ Opposed

☐ Unopposed

~~HONORABLE STEPHEN L. PETRILLO, J.S.C.~~

*Richard T. Sules, J.S.C.*
RICHARD T. SULES, J.S.C.

*The matter was already dismissed without prejudice for lack of prosecution pursuant to R. 1:13-7 by order dated October 18, 2024 requiring a formal motion to restore the case to the active calendar. Therefore, the motion to dismiss for failure to state a claim is denied without prejudice.

GREGORY A. BYRNES, ESQ. (316122020)
ANDERSON LAW
104 WEST 27th STREET, 11th FLOOR
NEW YORK, NEW YORK 10001
(212) 466-6570
gregory@andersonlaw.nyc
*Attorney for Plaintiff, Munirah El Bomani*

**FILED**
6:20 pm, Apr 09, 2025

| | |
|---|---|
| MUNIRAH EL BOMANI,<br><br>    Plaintiff,<br><br>-against-<br><br>CITY OF NEWARK, COUNCIL PRESIDENT LAMONICA MCIVER,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO. ESX-L-1358-24<br><br>Civil Action<br><br>**ORDER** ~~TO SHOW CAUSE WITH TEMPORARY RESTRAINTS PURSUANT TO RULE 4:52~~ |

    This matter being brought before the court by Gergory A. Byrnes, Anderson Law, 104 West 27th Street, 11th Floor, New York, New York 10001, attorney[s] for Plaintiff, Munirah El Bomani (the "Plaintiff"), seeking relief by way of temporary restraints at the return date set forth below pursuant to Rule 4:52, based upon the facts set forth in the Verified Complaint filed herewith, and it appearing that the Defendants City of Newark, Council President Lamonica McIver have notice of this application and for good cause shown:

    It is on this __9th__ day of __April__, 20__25__, **ORDERED** that the application is denied without prejudice for the reasons set forth below.* ~~Defendant[s], City of Newark, Council President Lamonica McIver (the "Defendants"), appear and show cause before the Superior Court at the Essex County Courthouse located at Hall of Records, 465 Dr. Martin Luther King Blvd., Floor 2, Newark, New Jersey 07102, New Jersey at _____ o'clock in the _____ noon or as soon thereafter as counsel can be heard, on the~~

~~_____day of _____, 20_____ why an order should not be issued **preliminarily** enjoining and restraining the Defendant[s] from:~~

~~A.   from interfering with or banning plaintiff Munirah El-Bomani from attending city Council meetings[1];~~

~~B.   Amending the complaint to add C. Lawrence Crump as a defendant;~~

~~C.   Restoring the case to the court's docket; and~~

~~D.   granting such other relief as the Court deems equitable and just.~~

~~And it is further **ORDERED** that pending the return date herein, the Defendants are **temporarily** enjoined and restrained from:~~

~~A.   from interfering or banning plaintiff Munirah El-Bomani from attending city Council meetings before such meetings are held;~~

~~B.   Restoring the case to the court's docket.~~

~~Plaintiff has consulted with counsel for Defendants, and they consent to restore the action to the Court's calendar Under B, but do not consent to the relief sought in under A.~~

~~And it is further **ORDERED** that:~~

~~1.   The Defendants shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by _____. The original documents must be filed with the Clerk of the Superior Court in the county listed above. Defendants must also send a copy of Defendants' opposition papers to the Plaintiff's attorney whose name and address appears above.~~

---

[1] ~~For clarity, Plaintiff is not seeking to enjoin Defendants from removing Plaintiff from City Council Meetings for purported conduct engaged in at such meetings.~~

2. ~~The Plaintiff must file and serve any written reply to the Defendants' order to show cause opposition by _____. The reply papers must be filed with the Clerk of the Superior Court in the county listed above.~~

3. ~~If the Defendants do not file and serve an opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the Plaintiff files a proof of service and a proposed form of order at least three (3) days prior to the return date.~~

4. ~~The court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than _____ days before the return date.~~

*Richard T. Sules, J.S.C.*
Richard T. Sules, J.S.C.

~~Hon. Mayra V. Tarantino, J.S.C.~~

\*When considering a motion for a stay the court is to balance the equities and consider the factors enumerated in Crowe v. DeGioia, 90 N.J. 126, 133-34 (1982):  1. Will there be irreparable harm if relief is not granted, 2. Is the underlying right based on settled law, 3. Is there a reasonable probability of success on the merits, and 4. Relative hardship to each of the parties.  The moving party has the burden to prove each of the Crowe factors by clear and convincing evidence. Brown v. City of Paterson, 424 N.J.Super. 176 (App.Div.2012).  Plaintiff has not demonstrated any irreparable harm that they would suffer if the application is not granted.  Plaintiff was temporarily banned from two meetings due to her conduct.  There has been no competent evidence submitted to prove that plaintiff suffered any irreparable harm as a result of the ban. Likewise, there was not evidence submitted that would demonstrate any hardship to plaintiff.  Thus, the court finds that there is no demonstrated irreparable harm if the court does not grant the stay.  As such, the application for injunctive relief is denied.  With respect to the remaining relief to restore the matter to the active calendar and to amend the complaint, that relief is denied without prejudice to seek such relief by way of notice of motion pursuant to R. 1:6.