**THE ANTOINE LAW FIRM, LLC**
52 Underwood Street, #1L
Newark, New Jersey 07106
**Wilson David Antoine, Esq., NJ Bar Id# 027922008**
Tel: (973) 370-5347
Fax: (201) 208-2912
Email: WilsonA@antoinelawfirm.com
  *Attorneys for Defendants City of Newark,*
  *Improperly and redundantly pled as*
  *Newark Municipal Council,*
  *Council President C. Lawrence Crump, and*
  *US Congresswoman LaMonica McIver*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MUNIRAH EL BOMANI,** | Civ. Action No. 2:25-cv-13439-JKS-JRA |
| Plaintiff, | Hon. Jamel K. Semper, U.S.D.J. |
| v. | Hon. Jose R. Almonte, U.S.M.J. |
| **CITY OF NEWARK, et al.,** | |
| Defendants. | |

**JOINT DISCOVERY PLAN**

Counsel for Plaintiff, Munirah El Bomani ("Plaintiff"), and counsel for Defendants City of Newark, incorrectly and redundantly pled as the Newark Municipal Council, Former Council President and current U.S. Congresswoman LaMonica McIver, and Council President C. Lawrence Crump (collectively "Defendants") respectfully submit the following Proposed Joint Discovery Plan:

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

> **Gregory Byrnes, Esq.**
> **ANDERSON LAW**
> **104 W 27th Street, 11th Floor**
> **New York, NY 10001**
> **Tel: 212.466.6570**
> **Fax: 646.396.0431**
> **Email: Gregory@andersonlaw.nyc**
> *Representing Plaintiff*
>
> **Wilson D. Antoine, Esq**
> **THE ANTOINE LAW FIRM, LLC**
> **52 Underwood Street, #1L**
> **Newark, New Jersey 07106**
> **Tel: (973) 370-5347**
> **Fax: (201) 208-2912**
> **Email: WilsonA@antoinelawfirm.com**
> *Representing Defendants*

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff alleges Section 1983 and NJCRA Claims against the Municipal Entity and Officers in their Official Capacities for improperly removing Plaintiff from citizen hearings held under the Open Public Records Act and insituting a temporary ban from subsequent hearings.**

**Defendants deny any wrongdoing, maintain that the removal and ban was proper and lawful, and further assert that they are entitled to immunity. Two motions to dismiss are pending.**

3.  Have settlement discussions taken place?  **No.**

    (a) What was plaintiff's last demand?
        (1) Monetary demand:  **N/A**
        (2) Non-monetary demand:  **N/A**

    (b) What was defendants' last offer?

    (1) Monetary offer: **N/A**
    (2) Non-monetary offer: **N/A**

  4. The parties **have conferred** pursuant to Fed. R. Civ. P. 26(f).

  5. **The parties' information shall be exchanged by January 16, 2026. The exchange has been delayed in light of the active briefing on the pending motions to dismiss.**

  6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1): **Please see the response above. Additionally, the associate for defense counsel is resigning, requiring additional time to formulate initial disclosures and discovery requests.**

  7. Plaintiff **has not** filed disclosures of third-party litigation funding. *See* Local Civil Rule 7.1.1. **Defendants have no such disclosures to file. Plaintiff states there is no third-party litigation funding.**

  8. The parties **have not** conducted discovery other than the above disclosures.

  9. The Parties propose the following:

   (a) Discovery is needed on the following subjects:

> **The Plaintiff: Correspondence surrounding Plaintiff's exclusions and exclusion notices**
>
> **Defendants: Correspondence and video footage and information concerning Plaintiff's untimely outburst during hearings.**

(b) Discovery **should not** be conducted in phases.

(c) Proposed Schedule:

    **(1) All initial disclosures shall be served by January 16, 2026.**

    **(2) All initial discovery requests shall be served by February 5, 2026.**

    **(3) Serve discovery responses to remaining initial discovery requests by April 10, 2026.**

    **(4) Fact Party Depositions to be conducted by July 17, 2026**

    **(5) Number of Interrogatories by each Party to each Other Party: 25.**

    **(6) Number of party depositions to be taken by each party: Maximum of 5 for each party.**

    **(7) Motions to Amend or Add Parties to be filed by March 15, 2026.**

    **(8) Factual discovery to be completed by July 17, 2026.**

    **(9) Plaintiff's expert report due on July 1, 2022.**

    **(10) Expert deadlines if any to be determined at a later date.**

    **(11) Dispositive motions to be filed within 60 days of completion of expert discovery.**

(d) Set forth any special discovery mechanism or procedure requested: **Not applicable.**

(e) **The Court will determine the date of trial and of any pretrial conferences at a later time.**

(f) **Jury Trial requested.**

10.  Do you anticipate any special discovery needs? (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? **No.**

11.  Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No.**

12.  Do you anticipate entry of a Discovery Confidentiality Order? **No.**

13.  Do you anticipate any discovery problem(s) not listed above? **No.**

14.  State whether this case is appropriate for voluntary arbitration, mediation, appointment of a special master or other special procedure. If not, explain why and state whether it may be appropriate at a later time.  **Plaintiff believes that mediation may be appropriate after dispositive motions.  Defendants do not believe that mediation will be appropriate because of the message that settlement would send to those who would disrupt council hearing proceedings and disregard the rules of decorum.**

15.  Is this case appropriate for bifurcation? **No.**

16.  **Plaintiff believes an interim status/settlement conference should be held in June.  Defendants do not believe a settlement conference would be helpful at this time, and are in any event not available for June.**

17. We **do not** consent to the trial being conducted by a Magistrate Judge.

18. **The parties consent to exchange and/or accept discovery requests and responses via electronic means (i.e., email and file transfer programs like Microsoft OneDrive and Google Drive), where possible. Nothing in this paragraph prohibits a party from sending discovery requests and responses via mail or delivery service.**

**ANDERSON LAW**
*Attorneys for Plaintiff*


By:  s/Gregory Byrnes
     Gregory Byrnes, Esq.

Date: December 5, 2025

**THE ANTOINE LAW FIRM, LLC**
*Attorney for Defendants*


By: s/Wilson D. Antoine
    Wilson D. Antoine, Esq.
    Managing Partner

Dated: December 5, 2025