<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MUNIRAH EL BOMANI, | Civil Action No. 25-13439 |
| *Plaintiff,* | |
| v. | **OPINION** |
| CITY OF NEWARK et al., | June 30, 2026 |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon dual Motions to Dismiss.  Defendants City of Newark, improperly pled as "City of Newark Municipal Council" ("the City"), and Municipal Council President C. Lawrence Crump and U.S. Congresswoman and then-Municipal Council President LaMonica McIver (collectively, the "Defendant Officials") move to dismiss Plaintiff Munirah El Bomani's Complaint (ECF 1, "Complaint" or "Compl.").  (ECF 8, "City Motion" or "City Mot."; ECF 9, "Defendant Officials Motion" or "Def. Off. Mot.")  Plaintiff filed an Opposition brief to the Defendant Officials' Motion on November 17, 2025.  (ECF 14, "Opposition" or "Opp.")  Plaintiff filed an Opposition brief to the City's Motion on November 18, 2025.  (ECF 15, "City Opposition" or "City Opp.").  The City and Defendant Officials collectively filed a statement that no formal reply brief was necessary, and responded to Plaintiff's Opposition in a letter on December 29, 2025.  (ECF 24, "Reply.")  The Court has reviewed the submissions of the parties, and has decided this matter without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons discussed below, Defendants' Motions are **GRANTED** and Plaintiff's claims are **DISMISSED** with prejudice.

1

Case 2:25-cv-13439-JKS-JRA   Document 30   Filed 06/30/26   Page 2 of 20 PageID: 284

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

The present dispute is brought by Munirah El Bomani, a resident of Newark, New Jersey. (Compl. ¶ 5.)  Plaintiff's suit against Defendants is based on a purported violation of her First Amendment right to free speech, actionable under 42 U.S.C. § 1983 and the New Jersey state constitution, actionable under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2.  (*Id.* ¶ 1.)

Plaintiff attended and spoke at the City of Newark Municipal Council meeting on February 7, 2024 ("First Meeting") and the Newark City Council meeting on September 27, 2024 ("Second Meeting").  (*Id.* ¶¶ 10, 34.)  The meetings were open to the public.  (*Id.* ¶¶ 11, 34.)  During the meetings, the floor was opened for any citizen to speak for an allotted amount of time.  (*Id.* ¶ 14.) The President of the Municipal Council, in their official capacity, presided over the public comment period of the meetings.  (*Id.* ¶ 12.)  Defendant Lamonica McIver ("McIver") was the Council President during the First Meeting and Defendant C. Lawrence Crump ("Crump") was the Council President during the Second Meeting.  (*Id.* ¶¶ 1, 31, 37.)  Plaintiff was removed from both meetings for speaking outside of the public comment period.  (*Id.* ¶¶ 27, 38.)

During the public comment period of the First Meeting, Plaintiff spoke for five minutes until McIver noted her time had expired.  (*Id.* ¶ 14.)  While speaking, Plaintiff criticized City

---

[1] The facts and procedural history are derived from the Complaint and the accompanying exhibits and declarations. When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Business Administrator Eric Pennington ("Pennington") about allegations of corruption. (*Id.* ¶ 13.)

After the public comment period concluded, the floor was opened to the council and administrators to address the public's concerns. (*Id.* ¶ 18.) Before opening the floor, McIver asked the public to refrain from speaking while the council members and administrators responded. (*Id.* ¶ 16.) No further instructions were given. (*Id.* ¶ 17.) No member of the City Council spoke. (*Id.* ¶ 19.) Pennington spoke on behalf of the City's administration and addressed Plaintiff's allegations in a manner Plaintiff considered to be hostile. (*Id.* ¶¶ 20-21.) After speaking for roughly one minute, Pennington allegedly addressed Plaintiff directly, saying "you can stand over there in the corner and shout from the hilltops." (*Id.* ¶¶ 22-23.) In response to Pennington's comment, Plaintiff verbally responded. (*Id.* ¶ 24.) The Complaint is silent as to what Plaintiff's response was. Within seconds of the Plaintiff's response, McIver ordered Plaintiff to be removed for the disruption, noting that the public had been asked to remain silent during Pennington's address. (*Id.* ¶ 26.) Plaintiff was then removed from the First Meeting. She claims she did not receive a warning prior to removal. (*Id.* ¶¶ 27-28.)

Plaintiff received an email on or around February 16, 2024, informing her she was barred from Newark City Hall and from publicly speaking at the next two City Council meetings on February 21, 2024, and February 27, 2024 due to disorderly conduct at the First Meeting. (*Id.* ¶ 30.) The email specifically stated that "[d]uring the [First] Meeting, you continued to call out from the audience after repeated warnings, from Council President McIver, during the time that Business Administrator Pennington had the floor." (*Id.* ¶ 31.) The email also cited multiple municipal council rules. (*Id.* ¶ 32.) Plaintiff claims the municipal council rules cited in the email are not available to the public. (*Id.* ¶ 33.) Plaintiff claims that when her attorneys contacted the

3

City of Newark Clerk's Office and Crump's office to request copies of the rules, both refused to provide them or identify where the rules could be located. (*Id.* ¶ 33 n.2).[2]

Seven months later, Plaintiff attended the Second Meeting. (*Id.* ¶ 35.) During the public comment period, Plaintiff criticized the alleged lack of transparency in how the City handles the budget. (*Id.*) Other members of the public expressed similar sentiment when they spoke. (*Id.*) Plaintiff alleges the city council members proceeded to comment on the language used by the members of the public who spoke, while ignoring the substance of the concerns they raised. (*Id.* ¶ 36.) The council members response sparked outrage amongst the members of the public present. (*Id.*) Subsequently, a resident of Newark and attendee of the meeting (referred to in the Complaint as "Ms. Jackson"), was removed due to Crump's claim she was causing a disruption. (*Id.* ¶ 37.) Plaintiff attempted to protest Jackson's removal, and in response, Crump had Plaintiff removed as well. (*Id.*) Plaintiff claims she was removed by Newark police "under threat of police violence." (*Id.* ¶ 38.) On or about September 27, 2024, Plaintiff received a letter stating she was barred from Newark City Hall and publicly speaking at the October 2, 2024, City Council meeting. (*Id.* ¶ 39.)

On, February 20, 2024, Plaintiff filed suit *pro se* in the Superior Court of New Jersey, Chancery Division, Essex County against City Clerk Kecia Daniels, the City of Newark, and Defendant Officials ("state court action"). (ECF 9-8.) On February 23, 2024, the Chancery Court transferred Plaintiff's case to the Law Division. (ECF 9-7.) On August 14, 2024 the Superior

---

[2] Defendants dispute Plaintiff's claim that the municipal council rules are not publicly available online. (City Mot. at 17 n.1). Defendants argue it was unethical for Plaintiff's counsel to directly contact Crump's office to request the rules rather than requesting the desired information through attorneys for the Defendants. (*Id.*) Defendants appear to include a broken link to the municipal council rules in their moving brief. (*Id.* at 17.) The Court was able to locate the rules online at www.newarknj.gov/DocumentCenter/View/882/Municipal-Council-Rules-PDF. However, it is not clear to the Court when these rules were digitally published.

Court of New Jersey, Law Division, Essex County dismissed Plaintiff's claims against City Clerk Kecia Daniels with prejudice. (ECF 9-6.) The court also dismissed all claims under the Open Public Meetings Act with prejudice, and all claims under the NJCRA without prejudice. (*Id*.) Plaintiff filed an amended complaint with the assistance of counsel on September 9, 2024. (ECF 9-8.) Counts I-VI of the amended complaint are identical to Counts I-VI asserted in this action. (*Id*. at 12-18; Compl. ¶¶ 43-129.) On October 18, 2024, the amended complaint was dismissed without prejudice for lack of prosecution. (ECF 9-9.) On April 9, 2025, the state court denied Defendant's Motion to Dismiss without prejudice because the motion was mooted by the October 18, 2024 order. (*Id*.)

Plaintiff filed her Complaint against Defendants in this Court on July 17, 2025. (*See* Compl.) Plaintiff alleges that Rules XVIII and XIX of the Municipal Council Rules ("Rules") are facially unconstitutional and unconstitutional as applied to her under the federal and New Jersey constitutions (Count I-III); the Rules violate plaintiffs substantive and procedural due process rights under the federal and New Jersey constitutions (Count IV-VI); a *Monell* free speech retaliation claim brought under the federal constitution (Count VII); and a free speech retaliation claim brought under the state constitution. (*See generally Id.*) Defendants filed the present Motions to Dismiss Plaintiff's Complaint on October 10, 2025. (*See* City Mot.; Def. Off. Mot.) Plaintiff filed an Opposition brief to the Council Defendants' Motion on November 17, 2025. (Opp.) Plaintiff filed an Opposition brief to the City's Motion on November 18, 2025. (City Opp.) Defendants filed a statement that no formal reply brief was necessary and filed a letter responding to Plaintiff's Opposition on December 29, 2025. (Reply.)

## II.    <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint for failing "to state a claim upon which relief can be granted" as required by Rule 8(a).  Fed. R. Civ. P. 12(b)(6), 8(a). For a complaint to survive dismissal under Rule 12(b)(6), it must allege "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.    ANALYSIS

### A. Plaintiff's Allegations Related to the First Meeting are Barred by the Law of the Case Doctrine and the Entire Controversy Doctrine.

Plaintiff argues that her removal from the First Meeting was a violation of her free speech and due process rights under the U.S. Constitution, the New Jersey Constitution, and the NJCRA. (Compl. ¶¶ 57-58, 74, 94, 100, 114, 126.) The City argues that Plaintiff's claims are barred by the prior state court action under the law of the case doctrine. (City Mot. at 11.) The Court agrees that Plaintiff's claims brought under the NJCRA as they relate to the First Meeting are barred by the law of the case doctrine, because they were fully adjudicated in the state court action. (ECF 9-8.) Furthermore, the Court holds that Plaintiff's claims stemming from the First Meeting brought under the U.S. Constitution are barred by the entire controversy doctrine because they could have been brought in the state court action decided on August 14, 2024. (ECF 9-6.)

#### 1.  Law of the Case Doctrine

The law of the case doctrine bars the litigation of issues that a prior court has decided in the same case or closely related cases. *Alvarez v. Gold Belt, LLC*, No. 08-4871, 2009 WL 1473933, at *3 (D.N.J. 2009) (holding "[t]he law of the case doctrine applies to … one judge or court adhering to the rulings of another judge or court in the same case *or closely related cases*) (emphasis added). *See also Casey v. Planned Parenthood of Southeastern Pennsylvania*, 14 F.3d 848, 856 n.11 (3d Cir. 1994) (holding the law of the case doctrine applies "to subsequent rulings by the same judge in the same case or a closely related one[.]"); *Jersey Dental Laboratories v. Dentsply Intern., Inc.*, No. 01-267, 2002 WL 2007916 (D. Del. Aug. 27, 2002) (holding that pursuant to the law of the case doctrine, "the court will 'refrain from redeciding issues that were resolved earlier in the [closely related] litigation.'") (quoting *Pub. Int. Rsch. Grp. Of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir.1997)).

In the state court action,[3] Plaintiff filed suit under the NJCRA challenging her removal from the First Meeting on the grounds it was based on the content of her speech.  (ECF 9-8 ¶¶ 31, 42, 48.)  The state court dismissed Plaintiff's claims under the NJCRA without prejudice for failure to state a claim after considering the arguments of Defendants, and gave Plaintiff leave to amend. (ECF 9-6.)  Plaintiff's amended complaint was administratively terminated for want of prosecution on April 9, 2025.  (ECF 9-9.)  Plaintiff now asks this Court to rule on the claims she failed to defend in the state action.  The Court concludes the interests of comity and judicial economy weigh against allowing Plaintiff to circumvent an unfavorable ruling by abandoning her amended complaint and litigating previously decided issues in federal court.  *Pub. Int. Rsch. Grp. Of New Jersey, Inc.*, 123 F.3d at 116 (holding "[b]ecause [the law of the case doctrine] prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy.").  For the reasons stated above, the Court holds Plaintiff's argument that her removal from the First Meeting violates her rights under the NJCRA is barred by the law of the case doctrine.

### 2.  The Entire Controversy Doctrine

The entire controversy doctrine requires litigants to assert all possible claims relating to a set of facts in one action.  *See Alvarez v. Borough of Franklin* Lakes, No. 19-19703, 2020 WL 5036200, at *2 (D. N.J. Aug. 26, 2020).  The doctrine gives discretion to courts to "prevent piecemeal litigation by requiring the assertion of all claims arising from a single controversy in one action."  *Bank Leumi USA v. Kloss*, 331 F. Supp. 3d 404, 408 (D.N.J. 2018).  The facts of this case are similar to *Alvarez*, where this Court declined to hear claims arising from an incident that

---

[3] Plaintiff initially filed the state court action *pro se* and later obtained the assistance of the same counsel litigating on her behalf in this matter.  (ECF 9-8.)

8

plaintiff litigated in state court, despite the fact new claims were asserted in the federal action. *See* *Alvarez*, 2020 WL 5036200, at *2 ("[T]he assertion of any other claims arising from the February 17, 2017 incident … was required by the entire controversy doctrine. Plaintiffs failed to assert these claims during the initial litigation and those claims are now barred."). Here, Plaintiff asserts several claims arising from the First Meeting, the same incident that catalyzed the state action. Therefore, the Court holds all claims derived from the events of the First Meeting are barred by the entire controversy doctrine because they should have been brought in the state action. Going forward, the Court will analyze Plaintiff's claims only as they relate to the subsequent September 27, 2024 meeting.

### B. Rules XVIII and XIX Are Not Facially Unconstitutional.

The Court now analyzes whether the Rules are facially unconstitutional, as alleged in Counts I and III of Plaintiff's Complaint. The City argues the Rules are not facially unconstitutional because the terms of the Rules are "understandable—in the context of a statute—by a person of ordinary intelligence" as required by *State v. Smith*, 218 A.2d 147 (N.J. 1966). (City Mot. at 17.) In *Smith*, the Supreme Court of New Jersey upheld the convictions of six defendants under the Disorderly Persons Act for interrupting a city council meeting. *See Smith*, 218 A.2d at 519. The statue provided that "[a]ny person who by noisy or disorderly conduct disturbs or interferes with the quiet or good order of any place of assembly … is a disorderly person." *Id.* at 149. (*Id*.) Plaintiff argues the Rules are facially unconstitutional because the prohibition on "language that is deemed 'malicious', 'defamatory' or 'obscene' is a per se viewpoint-based restriction and cannot be justified in the context of a public forum, even if it is a limited public forum." (City Opp. at 18.) Plaintiff further alleges that the language "excessively loud" or

9

"disruptive" are unduly vague because the rules do not provide a party actual notice of the activity the statute prohibits.  (*Id*. at 19.)

First, the Court clarifies which provision of the Rules led to Plaintiff's removal from the Second Meeting.  In their Reply brief, the City clarified that "Plaintiff was removed because the timing of her speech was noisy, disorderly, and disruptive." (Reply at 11.)  Rule XVIII states in relevant part, "[a] speaker must at all times conduct himself in a manner which avoids disorderly conduct or behavior, not make comments that are excessively loud, disruptive, obscene or otherwise in violation of applicable law …." (Compl. ¶ 49.)  Rule XIX provides in relevant part, "[n]o person shall by noisy or disorderly conduct disturb or interfere with the quiet good order of a meeting of the Municipal Council.  Any person who has been declared out of order by the Presiding Officer and has been asked to cease speaking and to sit down, shall comply immediately or he shall forthwith be removed from the meeting." (*Id*. ¶ 50.)  Since Plaintiff was not removed on the grounds she was "malicious" or "defamatory" the Court need not analyze whether such language is constitutionally valid.  The Court instead finds that under *Smith*, the relevant language is facially constitutional and are not discriminatory on the basis of viewpoint.

Like Plaintiff claims here, the defendant in *Smith* argued that the statute in question was "void for vagueness because it d[id] not spell out the degree of noise or the details of a disorder which will offend." *Id.* at 516.  The Supreme Court of New Jersey rejected this argument and held the First Amendment only prohibits a statute that is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application[.]" *Id.*  (citing *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926)).  The *Smith* court held that the terms "noisy" and "disorderly" were not unconditionally vague and that "[s]urely, a man of ordinary intelligence knows the council chamber at the time of a public hearing is a public 'place of assembly'" and "a

man knows the 'quiet or good order' of a place depends upon the nature and purpose" and a reasonable man "knows a legislative chamber from a barroom or ball park." *Id*. at 152. The analysis in *Smith* makes clear that the First Amendment's void for vagueness doctrine does not invalidate a statue or rule prohibiting noisiness or disorderly conduct at a public council meeting because a person of ordinary intelligence can decipher its meaning.

The Court is unpersuaded by Plaintiff's arguments that *Smith* is not on point because it interprets a criminal statute and the defendant in *Smith* physically obstructed his removal from the venue. (City Opp. at 20-21.) First, the fact that *Smith* was decided in a criminal context means the law was scrutinized to a greater degree than a civil law or rule of decorum would have been. "The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe" in the void for vagueness context. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982). The Court disagrees that the provision of Rule XIX stating a person "declared out of order by the Presiding Officer and has been asked to cease speaking and sit down, shall comply immediately" amounts to a vague regulation of speech. (City Opp. at 21.) The Rule requires the Presiding Officer to warn those at risk of being removed, giving them adequate notice of what constitutes a violation of the Rules.

Plaintiff also fails to state a claim under the state constitution in Count III. Plaintiff's state constitutional claims are identical to the arguments brought under the federal constitution. However, "[t]he Supreme Court of New Jersey has held that the analysis of Article I, paragraph 6 claims is functionally identical to federal First Amendment analysis." *Buck Foston's New Brunswick LLC v. Cahill*, No. 11-03731, 2013 WL 5435289, at *28 (D.N.J. Sept. 27, 2013). Plaintiff has not made an argument that the claims brought under Article

11

1, paragraph 6 stand if the First Amendment argument fails. Accordingly, Plaintiff's arguments in Counts I and III are **DISMISSED** with prejudice.

### C.  Rules XVIII and XIX Are Not Unconstitutional as Applied to Plaintiff.

In Count II of the Complaint, Plaintiff argues that her removal from the Second Meeting pursuant to the Rules was unconstitutional as applied to her. She challenges her removal on the grounds that she was not asked to submit to proper order, the procedures of Rule XIX were not followed, and the removal of Plaintiff did not further any government interest. (*Id.* ¶¶ 78, 82.) Plaintiff also claims that her conduct was not "disorderly" because her conduct does not meet the criminal statutory definition of N.J. Stat. Ann. § 2C:33-8 and she did not "intend" to be disorderly. (*Id.* ¶¶ 83-84.) Plaintiff does not explain how these facts are relevant to her claims. In addition to arguing Plaintiff's claims are barred by the law of the case doctrine, Defendant argues Plaintiff's removal was not content-based as a matter of law. (City Mot. at 10.) The Court agrees with Defendants that Plaintiff has not met her burden of establishing a content-based restriction on her speech.

The parties agree that to establish a constitutional violation brought under § 1983, Plaintiff must show (1) "depriv[ation] of a right secured by the Constitution or laws of the United States" and (2) "that the alleged deprivation was committed under the color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). (City Mot. at 10; City Opp. at 10.) Plaintiff argues that the City deprived her of her the right to speak freely. (*See* Compl. ¶¶ 69-88.) To prove a right to speak claim, Plaintiff must show (1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard required for the particular forum. *El Bomani v. Baraka*, No. 20-655, 2020 WL 7768390, at *3 (D.N.J. Dec. 30, 2020) ("*El Bomani I*"). Plaintiff argues, and

12

Defendant does not dispute, that a public municipal council meeting is a limited public forum. (City Opp. at 11); *see also Galena v. Leone*, 638 F.3d 168, 198 (3d Cir. 2011) ("[T]he District Court was correct when it held that the March 20 Council meeting was a limited public forum.").

In limited public forums, governments may impose limits on the "time, place and manner of speech, as long as those restrictions are reasonable and serve the purpose for which the government created the limited public forum." *Galena*, 638 F.3d 168 at 199 (quoting *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009)). "A time, place, and manner restriction on speech is reasonable if it is (1) content-neutral, (2) narrowly tailored to serve an important governmental interest, and (3) leaves open ample alternatives for communication of information." *Id*.

Plaintiff argues that her "allegations that Defendants restrictions were content-based, despite the possibility of content-neutral motivations, must be treated as true." (City Opp. at 13.) Furthermore, she argues the burden is on Defendants upon a motion to dismiss to prove no claim has been stated. (*Id*.) (citing *Liebler v. City of Hoboken*, No. 15-8182, 2026 WL 2965198, at *2 (D.N.J. July 21, 2016) "[t]he defendant, as the moving party, bears the burden of showing that no claim has been stated."). However, *Liebler* clarifies that the responsibility is on the plaintiff to satisfy the Rule 8(a) pleading standard and allege more than conclusory statements. *Liebler*, 2026 WL 2965198, at *2 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citing *Twombly*, 550 U.S. at 555)). Here, Plaintiff only offers conclusory statements that she was removed due to her viewpoint.

For example, Plaintiff states her "pure political speech was restricted as a direct result of the content of her speech," but this statement is entirely conclusory. (Compl. ¶74.) Plaintiff also

13

alleges she was removed from the Second Meeting after protesting the removal of another member of the public. (*Id*. ¶ 37.) But by Plaintiff's own admission, she spoke during the "hearing of the citizens" portion of the meeting, and was allowed to communicate her criticisms of city policy and lack of transparency to the Council. (*Id*. ¶ 35.) Plaintiff was not removed until after she "attempted to protest" what she thought to be the "improper" removal of another community member, which Plaintiff admits occurred "[f]ollowing the public comment period." (*Id*. ¶¶ 36-37.) This record makes it clear that Plaintiff was not removed due to her speech being critical of the City. She was instead removed because she interrupted the Council's ability to maintain order when the Municipal Council sought to enforce its decorum policies. This behavior is expressly prohibited by *Liebler*. *Liebler*, 2016 WL 3965198, at \*5 ("[t]he parties agree that individuals are limited to five minutes, but … [t]hat is not to say that a person has a license to be disruptive, to filibuster, or to hijack the meeting.").

Plaintiff's allegations that other community members received letters informing them that they would be excluded from future public meetings do not show the bans are based on viewpoint, because the allegations do not include the content and nature of the speech that led to the bans. *See El Bomani v. Baraka*, No. 20-655, 2021 WL 2349761, at \*4 (D.N.J. June 9, 2021) ("*El Bomani II*") ("Ms. El Bomani again fails to allege facts from which the court could conclude that the Municipal Council, … in fact failed to justify their actions in relation to the standard required for the given forum.") Plaintiff does not allege that she was prevented from using the full amount of time given to her during the "hearing of the citizens" period. (Compl. ¶ 35.) The Court agrees with Defendants that Plaintiff fails to show that the Rules were content-based as applied to her. Therefore, Plaintiff has failed to allege a constitutional violation, and Count II of the Complaint is **DISMISSED** with prejudice. Because Plaintiff's constitutional claims under the NJCRA and the

14

New Jersey Constitution require underlying constitutional violations, Counts VII[4] and VIII[5] of Plaintiff's Complaint are also **DISMISSED** with prejudice.[6]

### D. Plaintiff Fails to Plead a Violation of Her Due Process Rights.

Plaintiff alleges violations of her substantive and procedural due process rights under the U.S. Constitution, New Jersey Constitution, and NJCRA.  (*See* Compl.)  Plaintiff argues that her due process rights were violated because she received no hearing before her removal from the public meeting.  (*Id*. ¶¶ 13, 15.)  Defendant argues that Plaintiff's removal was within the legitimate authority of the City as a municipal subdivision of the state of New Jersey.  (City Mot. at 20.)

#### 1. Substantive Due Process

Substantive due process claims under the NJCRA and the U.S. Constitution under § 1983 are analyzed the same way.  *Filgueiras v. Newark Public Schools*, 45 A.3d 986, 997 (N.J. Super.

---

[4] Plaintiff's *Monell* claim alleged in Count VII of the Complaint requires an underlying constitutional deprivation to be actionable.  *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 214 (3d Cir. 2001) ("[The municipal defendants] can be liable for any constitutional deprivations suffered by the Browns only if 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation[.]'").

[5] The Court agrees with the City's argument that "Plaintiff fails to point to any source for such a retaliation carve-out to First Amendment jurisprudence."  (City Mot. at 7.)  Plaintiff does not defend her retaliation claims in her Opposition.  (*See generally* City Opp.)  Therefore, Plaintiff's retaliation claims are deemed waived for failure to develop her arguments.  *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (holding "an argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the record) will be deemed waived").  *See also Commonwealth of Pa. v. HHS*, 101 F.3d 939, 945 (3d Cir. 1996) (arguments mentioned in passing, but not squarely argued, will be deemed waived).

[6] Plaintiff states in her Complaint that "[a]nalysis under the N.J.C.R.A. is identical to those presented under 42 [U.S.C.] § 1983."  (Compl. ¶ 124.)  "The NJCRA has been interpreted by our Supreme Court to be analogous to Section 1983; thus, New Jersey courts look[ ] to federal jurisprudence construing [Section 1983] to formulate a workable standard for identifying a substantive right under the [NJCRA]."  *Tawwater v. Rowan College at Gloucester County*, No. A-0895-20, 2023 WL 3313623, at *7 (Super. App. Div. May 9, 2023) (citations omitted).

Ct. App. Div. 2012). Under both statutes, a plaintiff can assert a substantive due process claim by (1) establishing the state actor causing the alleged deprivation of a constitutional right, and (2) identifying a right, privilege, or immunity secured by the federal or state constitution that they have been deprived of due to the state actor's conduct. *Id*. Therefore, neither § 1983 nor N.J. Stat. Ann. § 10:6-2 are substantive rights, but mechanisms to secure rights conferred elsewhere. *Id*. Thus, a fundamental element of Plaintiff's substantive due process claim is to establish a violation of a constitutionally protected right.

The Court holds that Plaintiff fails to satisfy the first element because she has not established a violation of her right to speak freely. As previously discussed, Plaintiff's removal was reasonably related to her interruptions at the Municipal Council meetings and withstands a substantive due process attack. *See State v. Russell*, 334 A.3d 216, 225-26 (Super. Ct. App. Div. 2025) ("A state statute does not violate substantive due process if the statute reasonably related to a legitimate legislative purpose and is not arbitrary or discriminatory … if a statute is supported by a conceivable rational basis[.]"). Accordingly, Plaintiff's substantive due process claims alleged in Counts IV, V, and VI are **DISMISSED** with prejudice.

### 2. Procedural Due Process

The Court now analyzes Plaintiff's procedural due process claims.[7] Plaintiff's federal procedural due process claims rely on an alleged lack of notice about the Rules, and lack of a post-deprivation remedy to challenge her removal. (Compl. ¶¶ 13, 15). Procedural due process claims

---

[7] The Court first notes that the NJCRA does not provide a cause of action for procedural due process claims. *See Mattson v. Aetna Life Ins. Co.*, 124 F. Supp. 3d 381, 390 (D.N.J. 2015) ("[A] procedural due process claim cannot be brought under the NJCRA." (quoting *Major Tours, Inc. v. Colorel*, 799 F.Supp.2d 376, 405 (D.N.J. 2011)). Therefore, the Court refrains from analyzing Plaintiff's procedural due process claims as alleged under Count VI.

16

are analyzed within the context of the situation giving rise to a plaintiff's cause of action, as "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *See New Jersey Div. of Youth and Family Services v. R.D.*, 23 A.3d 352, 371 (N.J. 2011). "Fair notice and a meaningful opportunity to be heard—must occupy the central stage of analysis." *Id*. To establish a claim for procedural due process, a plaintiff must show "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [the plaintiff] did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). This Court has clarified that to meet the second element, "a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate … [i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he [or she] wants." *Colombo v. Bd. of Educ. for Clifton Sch. Dist.*, No. 11-785, 2017 WL 4882485, at *6 (D.N.J. Oct. 29, 2017).

Plaintiff has not pled facts showing, nor has she alleged, that her removal from the Municipal Council meeting deprived her of her property. Thus, Plaintiff does not have standing to bring a procedural due process claim. *Miles v. Township of Barnegat*, No. 05-1661, 2008 WL 89910, at *6 (D.N.J. Jan. 7, 2008) ("[T]o successfully plead a procedural due process claim … Plaintiffs must assert that Defendants, acting under color of state law, deprived Plaintiffs of a protected property interest, and that the local and state procedures for challenging the deprivation are inadequate.").

Even if Plaintiff showed her removal impacted a legitimate interest, she has not established that the available post-deprivation remedies for her removal are insufficient given the context of

17

the public meetings.  First, the record shows Plaintiff had notice of the Rules because they appear to be publicly available (despite the fact that Plaintiff's counsel did not receive a copy of the Rules directly from Defendants), and they are read aloud to audiences at public meetings.  (City Mot. at 24.)  Additionally, the notice Plaintiff received after her removal from the First Meeting informed her of the Rules she was determined to have violated.  (Compl. ¶¶ 32, 42.)  The Court finds the record sufficiently established pre-deprivation notice of the consequences of breaking the decorum rules.

Further, the Court holds that no independent hearing is required before removing members of the public from an ongoing public meeting, as it is not practical under the circumstances.  *See Rivkin*, 671 A.2d at 372 ("At times, for a state to provide any meaningful pre-deprivation process simply may not be possible. Such circumstances arise if a state must take immediate action.").  Furthermore, Plaintiff has not demonstrated why the available remedy of an action in lieu of prerogative writs is an insufficient remedy, despite it not being Plaintiff's preferred remedy.[8]  *See Colombo*, 2017 WL 4882485, at *6.  In conclusion, the Court holds that Plaintiff has not presented sufficient facts showing she was deprived of an interest giving rise to a procedural due process claim.  Even if she was deprived of such a right in this context, the record supports the conclusion that the Municipal Council has adequate processes for informing citizens of the relevant decorum rules and providing post-deprivation remedies.  Accordingly, Counts IV, V, and VI alleging procedural due process violations against Plaintiff are hereby **DISMISSED** with prejudice.

---

[8] The City states in its moving brief that the Open Public Meetings Act, the statue governing standards for the Municipal Council meetings, provide residents with a forum to dispute their limited participation in a public meeting.  "[A] resident can initiate a proceeding in lieu of prerogative writes to void a non-conforming action … [a]n aggrieved party may also be entitled to injunctive or other equitable relief.  (City Mot. at 23.)  *See* N.J. Stat. Ann. § 10:4-15 (2025).

**E. Plaintiff's Claims Alleged Against McIver and Crump Are Claims Against the City of Newark.**

Plaintiff brings claims against both the City and Defendant Officials. (*See generally* Compl.) However, Defendant Officials are unnecessary parties to this matter. Plaintiff clarified in her Opposition that she only brings claims against the Defendant Officials in their official capacity. (Def. Off. Opp. at 18.) Plaintiff also acknowledges that a suit against a government official in their official capacity "is against the municipal entity itself, not the named individuals[.]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Since Plaintiff "seeks relief from the government entity" (Def. Off. Opp. at 19.) And all claims against the City have been dismissed, the claims against the Defendant Officials must be dismissed as well. *See Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 131 (D.N.J. 2017) ("where claims against an officer in his official capacity are duplicative of claims against the municipality, those claims are properly dismissed as redundant.") Because Plaintiff's claims against the City are **DISMISSED** with prejudice, Plaintiff's duplicative claims against the Defendant Officials are also **DISMISSED** with prejudice.[9]

IV.    **CONCLUSON**

For the reasons set forth above, Defendants' Motions to Dismiss Plaintiff's Complaint are **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice as to all Counts. Prejudice is warranted here as Plaintiff has already filed at least three other actions in federal and state court

---

[9] Defendants argue that then-Council President McIver should be substituted pursuant to Rule 25(d). (Def. Off. Mot. at 18.) Because Plaintiff's claims against the Defendant Officials are dismissed with prejudice, the Court does not find a need for substitution here.

challenging the Municipal Council Rules and her removal from public meetings.  (*See El Bomani I*, *El Bomani II*, and the state court action.)  An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:      Clerk
cc:        José R. Almonte, U.S.M.J.
           Parties